## H. M. MOORE v. W. R. MORROW.

TENANCY BY SUFFERANCE.—A tenancy by sufferance is not by the consent but by the *laches* of the owner, and where the owner has been guilty of no *laches* there can be no tenancy by sufferance.

WHEN A TENANT FOR A TERM BECOMES TENANT BY SUFFERANCE.—A tenant under a lease for a term does not become a tenant by sufferance upon the expiration of his lease, and is only made such by the *laches* of the landlord in not re-entering, or in not giving him notice to quit.

WHEN LANDLORD MAY BRING EJECTMENT.—If the landlord give notice to quit immediately upon the expiration of the tenant's term, and the tenant hold over, the landlord may maintain ejectment without waiting one month after the notice.

EJECTMENT BEFORE TENANT BECOMES SUCH BY SUFFERANCE—The landlord is not required to wait one month after notice to the tenant to quit before bringing ejectment to remove the tenant, unless by the *laches* of the landlord the relation of tenancy by sufferance has been established.

AN INSOLVENT MAY SUE TO RECOVER HOMESTEAD.—The husband may maintain ejectment to recover possession of the homestead during the pendency of an application on his part to be discharged from his debts under the insolvent laws.

APPEAL from the District Court, Fourteenth Judicial District, Nevada County.

The defendant set up in his answer that prior to the commencement of the action the plaintiff had filed his petition in insolvency and asked to be discharged from his debts.

During the pendency of this suit plaintiff had obtained his discharge in insolvency, and the Sheriff had been appointed assignee. On the trial defendant offered in evidence the judg-

ment roll in the insolvent case, but on objection of plaintiff's counsel, it was rejected. Plaintiff had judgment and defendant appealed.

The other facts are stated in the opinion of the Court.

*J. J. Caldwell*, for Appellant.

Blackstone defines an estate at sufferance to be " when one comes into possession of lands by lawful title, but keeps it afterwards without any title at all." " As if a man takes a lease for a year, and after a year expires continues to hold the premises without any fresh leave from the owner of the estate." (See 2 Blackstone's Com. 150.) The statutes of California provide that in such cases the defendant must have thirty days' notice. (See the Statutes of Cal. 1861, p. 514—An Act relating to the duties and rights of landlords and tenants, May 18th, 1861.) Section first of said Act provides, that "whenever there is a tenancy at will or by sufferance, created by the tenant's holding over his term or otherwise, the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove from the premises."

This we believe is the only law in this State now in force or at the date of the suit brought regulating the rights and duties of landlord and tenant. The defendant, appellant in this case, had been the tenant from year to year for three years before the bringing this suit, and at the date of the notice was tenant at sufferance, and by law entitled to one month's notice before plaintiff could recover in an action in ejectment. Respondent commenced this action within six days after notice served. We hold the notice was insufficient in law to justify the judgment.

*A. A. Sargent*, for Respondent.

Appellant entered under a written lease for one year. Such a lease does not create a tenancy from year to year. (1 Kernan, 494.) The Court finds that there was no extension of

the lease.    There were no *laches* on the part of the landlord
to enlarge the term.    Notice of the landlord's desire to enter
and a demand for possession were immediately given.    The
circumstances utterly rebut the idea of permission or suffer-
ance.    The tenant became simply a trespasser.    The right
to notice never arises where a lease expires by its own limita-
tion.    (So held in 21 Wend. 628.)    Especially is this the
case where all the acts of the landlord rebut any presumption
that he consented to the continuance of the holding.    The
tenant, by the construction contended for by appellant, could
avail himself of his own wrong to extend his term.    We hold
that the statutory provision requiring thirty days' notice to a
tenant by sufferance does not apply to this case, where no
such tenancy exists.    The original entry of the tenant was
lawful, it being under a written lease for one year, and if he
had held over under such circumstances or for such length of
time as to create a presumption of acquiesence of the land-
lord, he would be a tenant by sufferance.    The necessity of
reasonable notice to quit exists in cases of uncertain tenancy,
to prevent the mischievous effects of a capricious and unreas-
able determination of the estate.    (2 Pick. 71; 4 Kent Com.
113.)


By the Court, SHAFTER, J.

This is an action to recover the possession of real estate.
The complaint states a case within the Act relating to forcible
entry, etc., but by the consent of parties the action was turned
into an action of ejectment in the Court below.    The appeal
is taken from an order overruling defendant's motion for a
new trial.

First—It is insisted by the appellant that the judgment
should be reversed, for the reason that there was no evidence
tending to prove that the plaintiff made a written demand
upon the defendant to surrender the possession of the premises
thirty days before the commencement of the action.

The defendant held under a lease from the plaintiff for one

year. The term ended July 28th, 1864, and a demand in writing for a surrender of the premises was duly served by the plaintiff on the defendant the next day. The service was on the premises—the plaintiff having entered thereon for that purpose. The action was commenced on the 3d of August following.

When a tenant held over after the expiration of his lease, he was regarded at common law as a tenant at sufferance; but the estate might be destroyed by an entry on the part of the landlord, and he might thereupon proceed in ejectment. (*Uridias* v. *Morrill*, 25 Cal. 34.)

The Act of 1861 (Statutes of 1861, p. 514) relates to tenancies at will and by sufferance, and the first section provides that "the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove from the premises." It is further provided by the third section that "at the expiration of one month from the service of such notice, the landlord may re-enter, or maintain ejectment, or proceed in the manner prescribed by law to remove such tenant, without any other or further notice to quit;" and section five gives the landlord a right to double damages in the action.

A tenancy by sufferance is not by the consent, but by the *laches* of the owner (2 Black Com. 150), and it follows that where the owner has been guilty of no *laches* there can be no tenancy by sufferance to which the provision of the statute as to notice can apply. In this case the defendant never became tenant by sufferance, for the indispensable condition of *laches* on the part of the plaintiff is not only not found, but is shown affirmatively never to have existed. In view of the principle that the law rejects fractions of days, we consider the record as showing that the plaintiff entered upon the premises on the instant the defendant's term expired, and for the avowed purpose of asserting his rights as owner. Instead of *laches* then, we have a singular exhibition of diligence in the conduct of the plaintiff which forestalled the possibility of a tenancy by sufferance arising in the defendant's favor. It was held in

*Rowan* v. *Little*, 11 Wend. 616, under a statute of New York from which our Act. of 1861 appears to have been copied (see note in Adams on Ejectment, 145,) that there could be no tenancy by sufferance where there were no *laches* by the landlord, and that the burden of proving some degree of negligence at least, on his part, was on the party asserting the tenancy. In that case the landlord delayed proceedings for three months after the expiration of the lease; but it was held that, under the circumstances of the case, the delay did not amount to *laches*, and therefore that the tenant was not entitled to notice to quit as a prerequisite to an action of ejectment against him. In the case at bar, the question is not upon the sufficiency of delay for any given period, for there was no delay. The plaintiff entered not for the purpose of recovering from the consequences of neglect, but with a view to prevent the consequences by practising diligence, instead of its opposite, from the start.

The plaintiff filed his petition in insolvency prior to the bringing of this action, and the Sheriff was appointed assignee before the trial. The appropriate evidence of these facts was offered at the trial, but inasmuch as it appeared by the record that the plaintiff had a perfected title to the premises as a homestead when he filed his petition, which title was recognized and established by the decree in pursuance of the prayer of the applicant, the evidence was rejected by the Court; and we consider that there was no error in the ruling.

Judgment affirmed.