22d to September 7th, and that the bill of exceptions was presented to him immediately upon his return. *Gray* v. *Field*, 60 *Ga.* 315 ; *Roberts* v. *Leonard*, 62 *Ga.* 209 ; *Hardin* v. *Swann*, 66 *Ga.* 244; *Sewell* v. *Edmonston, Id.* 353. See, also, *Markham* v. *Huff*, 72 *Ga.* 106.

October 24, 1893.          '          *Writ of error dismissed.*

E. F. HINTON and HUDSON & BLALOCK, by brief, for plaintiff in error. C. B. HUDSON, solicitor-general, by HARRISON & PEEPLES, *contra.*

---

STARKE *v.* THE STATE.

The judgment complained of being the overruling of a *certiorari* in a criminal case taken from the county court to the superior court, and the bill of exceptions having been served upon the county solicitor and not upon the solicitor-general of the circuit, the writ of error must be dismissed. *Brockett* v. *The State*, 90 *Ga.* 452.          *Writ of error dismissed.*

January 27, 1894.

W. H. TOOMBS and S. H. HARDEMAN, by F. H. COLLEY, for plaintiff in error.

F. W. GILBERT, solicitor, by brief, *contra.*

*Margin note: 93a 217 / 100 311 / 93a 217 / 109 109*

---

SNYDER *v.* VIGNAUX.

A letter addressed to and served upon the defendant in *certiorari*, in the following words: "I have been waiting for an answer from you as to whether you will agree to set aside the judgment in the Vignaux case. The *certiorari* has been granted and returned to the J. P. court. I have also paid the judge the cost which have accrued to date, and, of course, the jury fee paid out by you will be given back. I think, in view of all the circumstances, that you will be none the loser to set this aside and let us have a final trial before a jury. I saw Mr. Rosser and submitted the matter to him, and I am certain he is in favor of it. We can try it to-morrow before a jury, or next month, just as you please. Please answer ": is not a sufficient compliance with section 4059 of the code, which requires written notice to the defendant, not only of the sanction of the writ of *certiorari*, but also of the time and place of hearing, at least ten days before the sitting of the court to which the same is returnable.          *Judgment reversed.*

October 30, 1893.

*Margin note: 93 217 / Case 2 / e121 93*