## HOLLIMAN *v.* MAYOR etc. OF HAWKINSVILLE.

1. Where a petition for certiorari distinctly sets forth the errors therein complained of, a bill of exceptions alleging that the court erred in overruling or refusing to sustain the certiorari contains a good assignment of error.
2. A bill of exceptions sued out to review a decision overruling a certiorari to a judgment of a municipal court, convicting one of a violation of a municipal ordinance, need not be served upon the solicitor-general of the circuit.
3. When one is prosecuted under a municipal ordinance for doing business without a license, and defends on the ground that he is a disabled Confederate soldier, and therefore exempt from the payment of such license, a certificate from an ordinary, such as is provided for in section 1642 of the Political Code, is at least prima facie evidence that he is a disabled soldier, and becomes conclusive of the fact when there is no evidence to the contrary.
   (*a*) The statute exempting Confederate soldiers from paying a license tax is applicable to those soldiers who are either disabled *or* indigent, and it need not appear in a given case that the soldier is both disabled and indigent.
   (*b*) In such a case it need not appear that the person's disability was brought about by service in the army.
   (*c*) Whether a disabled Confederate soldier would be authorized to do business in more than one place, or by agents, are questions not involved in the present case.
4. When a case has been tried before a mayor and appealed to the council, it is improper for the mayor to appear in the attitude of counsel for the municipality; and certainly, when he does, it is grossly improper in the council to allow him in his argument to make prejudicial statements against the accused not warranted by the evidence, and still more improper not to allow the accused to controvert the same by evidence.

Argued October 6, — Decided October 25, 1899.

Certiorari. Before Judge Smith. Pulaski superior court. August term, 1899.

*W. L. & Warren Grice* and *Hardeman, Davis & Turner*, for plaintiff in error. *J. H. Martin*, contra.

Cobb, J. Holliman was tried in the police court of Hawkinsville for "the offense of doing business without a license." Upon conviction he entered an appeal to the council of the city. The case came on to be tried before the mayor pro tem. and the other members of the council, the mayor, who presided in the police court, not participating as a member of the court on the trial; and the accused was again convicted. He

carried the case by certiorari to the superior court, and upon the judgment of the council being affirmed, he excepted and brings the case here for review.

1. When the case was called in this court a motion was made to dismiss the writ of error, one of the grounds being that there was no sufficient assignment of error, the bill of exceptions alleging merely that the court erred in overruling the certiorari. Upon reference to the petition for certiorari it appears that there are a number of clear and distinct assignments of error which must have been passed upon by the judge when he overruled the certiorari, and an assignment of error in the bill of exceptions that the judge erred in overruling the certiorari is equivalent to saying that he erred in refusing to sustain the certiorari on each and every ground thereof. The case of *Phœnix Ins. Co.* v. *Gray*, 107 *Ga.* 110, is controlling upon this question of practice. In that case it was held that an assignment of error in a bill of exceptions, that the judge erred in overruling the certiorari, was sufficient, notwithstanding the errors complained of in the petition for certiorari were not set out in full therein but were embodied in a motion for a new trial which was attached thereto.

2. Another ground of the motion to dismiss the writ of error was, that the bill of exceptions had not been served upon the solicitor-general of the circuit. The constitution declares that "It shall be the duty of the solicitor-general to represent the State in all cases in the superior courts of his circuit, and in all cases taken up from his circuit to the Supreme Court, and to perform such other services as shall be required of him by law." Civil Code, § 5862. It has been held that when application is made for a writ of certiorari by a person who has been convicted in a county court of a violation of a criminal law of this State, notice of the sanction of the writ and of the time and place of hearing should be given to the solicitor-general of the circuit instead of to the solicitor of the county court. *Moore* v. *State*, 96 *Ga.* 309. It has also been held that a bill of exceptions alleging as error the overruling of a certiorari which complains of a conviction for a criminal offense in a county court should have been served upon the

solicitor-general of the circuit. *Starke* v. *State*, 93 *Ga.* 217, and cases cited. The case of *Allen* v. *State*, 51 *Ga.* 264, holding the contrary, has never been followed, and with that one exception the uniform ruling has been as above stated. It has also been held that a bill of exceptions sued out to review a judgment of the superior court, reviewing on certiorari the judgment of a city court convicting one of a criminal offense, must be served upon the solicitor-general of the circuit. *Hall* v. *State*, 100 *Ga.* 311. This would not, of course, be true where the act establishing a city court otherwise provides. See *Cooper* v. *State*, 103 *Ga.* 405. The reason why the solicitor-general is the proper officer to receive notice or service in the cases referred to is, that the State is a party in the superior court to such cases. As the State is not a party to a case originating in the police court, even though such a case should reach the superior court by certiorari, the duty of representing it does not devolve upon the solicitor-general under the constitutional provision above referred to. We know of no statute requiring the solicitor-general to represent municipal corporations either in the superior court or in this court in cases which originate in the police court of such corporation; and consequently a failure to serve this officer with the bill of exceptions in such a case is no ground for dismissing the writ of error. It is true that section 1076 of the Penal Code provides that, "in a criminal case, the copy bill of exceptions shall be served upon the solicitor-general." That section, we think, deals with "criminal cases" in which the State is a party; and even though the trial of a person in a police court of a town for a violation of one of its ordinances may for some purposes be considered "a criminal case," it is not such a criminal case as the section above quoted deals with; and consequently a bill of exceptions complaining of the overruling of a certiorari sued out to review the judgment of such a court need not be served upon the solicitor-general.

3. The accused contended that he was improperly convicted, because he was a disabled Confederate soldier and as such entitled to conduct business in the town of Hawkinsville without a license for the privilege of so doing. The law under which he

claimed this exemption is as follows : "Any disabled or indigent Confederate soldier or soldiers of the Seminole, Creek, or Cherokee Indian War, or Mexican War, who are residents of this State, may peddle or conduct business in any town, city, county or counties thereof without paying license for the privilege of so doing; and a certificate from the ordinary of any county stating the fact of his being such disabled or indigent Confederate soldier or soldiers of the Seminole, Creek or Cherokee Indian War, or Mexican War, who are residents of this State, shall be sufficient proof." Political Code, § 1642; Acts 1897, p. 24. Upon the trial the accused admitted that he had been and was doing business in the city of Hawkinsville without a license from that city. He introduced in evidence three certificates signed by the ordinary of Laurens county, one to the effect that he was a Confederate soldier, and that the ordinary had before him the certificate of a physician showing that he was disabled. The second was in these words: "I certify that W. S. Holliman is a disabled Confederate soldier." The third stated that Holliman entered the Confederate service in 1864 and continued in active service until the close of the war, and that he contracted hernia in the service of the Confederacy. In passing the law above quoted the General Assembly intended to exempt two classes of Confederate soldiers from paying the license therein mentioned, viz.: (1) disabled soldiers, whether indigent or not ; (2) indigent soldiers, whether disabled or not.

The law declares that the certificate of the ordinary that a soldier is disabled or indigent shall be "sufficient proof" of these facts. The certificate of the ordinary is certainly prima facie evidence of these facts. As two of the certificates introduced by the accused stated unequivocally that he was a disabled Confederate soldier, there was before the court prima facie evidence, at least, to show that the accused was entitled to the exemption claimed by him. The law does not require that the disability should have resulted from service in the Confederate army, and therefore it was not necessary that the certificate should state this fact. There was no evidence whatever to contradict the statements made in the certificates of the ordinary to the effect that the accused was a Confederate soldier and

that he was disabled at the time he claimed the exemption. This being true, his conviction for the offense charged was unauthorized, and the certiorari should have been sustained.

It was contended by counsel for the defendant in error that, even conceding that the accused was a disabled Confederate soldier, as the evidence showed that he was conducting a business as a merchant both in the city of Dublin and in the city of Hawkinsville, and as the privilege of conducting business without a license, given by the law to disabled Confederate soldiers, was personal and could not be carried on by agents, the conviction was proper. Whether this position is well taken or not it is not necessary for us to decide in this case, as no such question was raised in the municipal court; the answer of the mayor pro tem. to the petition for certiorari distinctly stating that "there was no issue made or tried except as to whether or not he was exempt from paying tax by reason of being [a] disabled or indigent Confederate soldier, and, there being no evidence to show that he was either, he was adjudged guilty."

4. Complaint is made in the petition, that, after the evidence was concluded and the case argued by counsel for the accused, the mayor, who had rendered the decision appealed from, was permitted by the council to argue the case against the accused, and made the following remarks: "A good deal has been said about the amount of this fine. My reason for making it one hundred dollars was that Mr. Holliman told me the town authorities of Dublin permitted him to do business there without a license and without paying tax, and I am informed on good authority that he was fined a hundred and fifty dollars by the Dublin authorities for doing business without a license, and that he afterwards compromised the matter by paying one hundred dollars. When a man undertakes to deceive me in my court and is convicted, I give him the full extent of the law, and I told Mr. Holliman my only regret was that I could not make the fine more. I told him this after leaving the court-room, and in answer to his question if I could not make the fine higher." The mayor pro tem., in answer to the writ of certiorari, says: "It is not true that the Hon. S. A. Way was permitted to argue the case against the defendant.

It is true that the mayor made a statement explaining his action in imposing the fine upon Holliman, and used in substance the language set forth in the petition. He also stated, as a further reason, that the pension law was abused, that Holliman was worth a considerable sum; and this statement was simply in explanation of his action in imposing the fine which had been criticised." The decision of the mayor being under review in the trial before the council, he was disqualified from acting as a member of that court. Civil Code, § 4045. The mayor recognized this, and did not preside over the council. The policy of the law in disqualifying the mayor from presiding on the appeal from his decision would seem to require that he should abstain absolutely from interference in any way or connection of any kind with the case when it is tried on the appeal. It does not seem proper for a judge whose decision is under review to appear in the appellate court in the attitude of counsel to endeavor to sustain the rulings made by him as judge. But even if it was lawful and proper for the mayor to appear before the council in the attitude of a prosecuting attorney, he should have been kept within the bounds of legitimate argument, and not permitted, under the guise of argument, to state facts which were irrelevant and of a character calculated to prejudice the accused. Especially would remarks of the character above quoted furnish ground of complaint when the record discloses, as it does in this case, that the council refused to hear the accused in contradiction of the statements made by the mayor.

*Judgment reversed. All the Justices concurring.*