### ERWIN *v.* MAYOR & ALDERMEN OF CARTERSVILLE.

1. The evidence, though raising a strong suspicion of guilt, was insufficient to warrant a finding that the accused was guilty.
2. When a case had been tried before a mayor and appealed to the mayor and aldermen, it was improper for the mayor to state in his capacity of judge, during the progress of the latter trial, that there was a variance in the evidence of a witness who had testified in both trials.

Argued April 21, — Decided May 10, 1904.

Certiorari.    Before Judge Fite.    Bartow superior court.    **January 21, 1904.**

*James B. Conyers,* for plaintiff in error.
*T. C. Milner,* contra.

EVANS, J.    The defendant was tried before the mayor of Cartersville for violating an ordinance making it penal to have and keep intoxicating liquor for illegal purpose.   He was convicted, and appealed his case to the Mayor and Aldermen of the City of Cartersville.   On the appeal the city marshal, who was the sole witness for the prosecution, testified that he saw Payne, the alleged purchaser from the accused, give to the defendant at a wagon-yard a dollar or a half dollar, but would not swear positively that defendant furnished or sold to Payne any whisky.   He saw Payne drink from a bottle, and witness tasted its contents and found the same to be rye whisky.   When witness tasted it, about one drink had been taken from the bottle.   Witness notified Payne he must appear before the mayor to testify, and Payne asked to be let off and said he would promise not "to get into anything like that again."   Payne as a witness denied that the accused sold him any whisky on this occasion.   Witness had some whisky in his wagon, and of this whisky accused and witness took several drinks together.   Witness denied that he gave accused any money.   Witness stated accused separated from him and on his return did not give him anything, but that he and accused drank out of witness's bottle, and when thus engaged the marshal came

up and asked to taste what was in the bottle, and witness let him do so. The defendant said he had known Payne a long time, and that Payne asked him if he could get him some whisky, and he replied that he could, as he always kept a little about his house. He then went home, got the whisky, and gave it to Payne. The whisky was in a pint bottle, and he and Payne took a drink from the bottle. He denied he sold any whisky to Payne and that he received any money from him. This was substantially the case made before the mayor and aldermen on the appeal. The evidence is insufficient to show that defendant had or kept intoxicating liquor for illegal purpose. While the marshal's testimony might raise a suspicion of a sale, he refused to testify that defendant either furnished or sold any whisky to Payne. One way of showing that intoxicating liquor is kept for illegal purpose is by a sale, where the sale is prohibited by law. The evidence failed to show any sale or other facts from which the defendant's guilt could be inferred.

2. The mayor was a member of the appellate tribunal, and it was improper for him to state, in his capacity of judge, that the evidence of a certain witness was quite different to what it was in the trial before him. This statement of the mayor was prejudicial to the accused, and its possible harmful effect can not be remedied by the answer of the aldermen that such statement of the mayor in no wise biased or influenced their minds against the accused. He had a right to be tried under legal rules of evidence. The record shows that the appeal was to the mayor and aldermen, and not to the aldermen of the City of Cartersville. We have examined the various acts relating to the City of Cartersville and do not find any provision for an appeal from the mayor's judgment; but as the point is not made in the record, we will assume the existence of the right of appeal to the mayor and aldermen. But aside from any question as to the legality or illegality of the trial on this ground, it would be improper for a member of the court to inject in a trial matters harmful to the accused by a verbal statement that there was a variance in the testimony of a certain witness in the two trials. This mode of impeachment is not recognized by the law. *Holliman* v. *Hawkinsville*, 109 *Ga.* 107.

We think there should be another trial, and accordingly the judgment of the superior court overruling the certiorari is

*Reversed. All the Justices concur.*