## PURTELL v. FARRIS.

1. Assignments of error not referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.
2. In a proceeding to evict a tenant holding over, under the Civil Code, § 5385 et seq., it was not error to exclude from evidence the record of a proceeding in court between the same parties, to evict the tenant for failure to pay rent, instituted before the end of the term, where it appeared that the tenant resisted the warrant for eviction and remained in possession until after the term.
(a) Nor was it error to exclude evidence as to the release of the tenant from the contract and the substitution of another under an arrangement between the alleged substituted tenant and the real estate agents having the property in charge for rent, in the absence of evidence of authority from the tenant on the one hand, and of the landlord on the other, to make such change.
3. A tenant under a lease for a specified time is under duty at the expiration of his term to surrender possession to his landlord. If he fails to do so on demand, where there has been no laches by the landlord in making the demand, he does not merely by reason of his occupancy become a tenant by sufferance, nor does he become a tenant at will, where the landlord has not in any way recognized his right to continue in possession as a tenant.
(a) In a proceeding by a landlord to evict a tenant as one holding over, where the defendant resists the eviction by making a counter-affidavit, denying the relation of landlord and tenant, and the uncontradicted evidence shows that the tenant entered under a contract for a specified time, and at once after the expiration of the term continued in possession over the objection of the landlord, and there is no evidence tending to show that the tenancy was one by sufferance or one at will, there is no error in directing a verdict in favor of the plaintiff, under the statute, for an amount equal to double the stipulated rent for the time the defendant continued in possession beyond the term.
4. The judgment on the main bill of exceptions being affirmed, the cross-bill of exceptions is dismissed.

JANUARY 9, 1912.

Eviction. Before Judge Pendleton. Fulton superior court. October 4, 1910.

*J. F. Golightly* and *J. B. Suttles,* for plaintiff in error.

*Mayson & Johnson,* contra.

ATKINSON, J.   On the 1st of September, 1908, E. D. Farris made
affidavit that he was agent "of J. L. Winter estate," and that Mrs.
Sarah Purtell as tenant of his principal was in possession of a de-
scribed house and lot, holding the same over beyond the term for
which it was rented, and that the owner, desiring possession, had
demanded it, and the demand had been refused by the tenant.   The
purpose of the affidavit was to obtain a warrant under the Civil
Code, § 5385 et seq., for the removal of the tenant.   A warrant
was issued by the justice of the peace, and notice was served upon
Mrs. Purtell personally to vacate within three days.   On the 4th
of September Mrs. Purtell made a counter-affidavit, reciting the
former affidavit, and declaring that " she does not hold the premises
from said E. D. Farris, agent for said Winter, either by lease or
rent, at will or sufferance, or otherwise from the person who made
the affidavit on which the warrant was issued, or from any one
under whom he claims the premises, or from any one claiming the
premises under him.   She further swears that her daughter, Arian
Purtell, is tenant of said premises, and the term for which her
daughter Arian Purtell rented said premises has not expired. "
Contemporaneously with the execution of such affidavit Mrs. Purtell,
as principal, with a named security, executed a bond whereby they
acknowledged themselves jointly and severally bound to J. L. Win-
ter estate, " subject to the following conditions: Whereas said J. D.
Farris, agent as aforesaid, has made affidavit   .   .   to evict said
S. J. Purtell from certain real estate in said county, to wit, the house
and lot known as 368 Peachtree Street, city of Atlanta, and said S. J.
Purtell has filed her counter-affidavit in terms of the law:   Now
should the said S. J. Purtell pay the said J. L. Winter estate
such sum with cost as may be recovered against her on the trial
of the case, then this bond to be void; otherwise of force."   The
respective affidavits and bond above mentioned were returned to
the superior court, and the issue thus made was tried.   Evidence
was introduced in behalf of both parties.   Upon direction of the
judge the jury returned a verdict finding "for plaintiff on
within warrant against defendant Mrs. S. J. Purtell, and that
Mrs. Purtell held over for the period of two months after expira-
tion of term of lease, and that plaintiff recover of Mrs. S. J. Pur-
tell the sum of $340.00 and costs of suit."   Mrs. Purtell by direct
bill of exceptions assigned error upon this judgment and certain an-

tecedent rulings of the judge made at the trial. The plaintiff filed a cross-bill of exceptions in which the assignments of error related solely to rulings of the court excluding evidence offered by the plaintiff.

1. One assignment of error complained of the refusal of the judge to dismiss the dispossessory warrant on the ground that the "Winter estate" was not any person authorized to sue out a dispossessory warrant, and that the warrant was void for uncertainty and for want of proper parties. In the brief of counsel for plaintiff in error there is no reference to this assignment of error, and under repeated rulings of this court the assignment will be considered as abandoned.

2. The plaintiff introduced in evidence the contract under which Mrs. Purtell entered. It was executed in duplicate between "Saunders & Morris, Agents of Est. Mrs. L. S. Winter, of the first part, and Mrs. S. J. Purtell, of the other part," and was signed: "Saunders & Morris, Agents, (Seal). Mrs. S. J. Purtell, (Seal)." It described the premises, and set forth the term of the lease as being "one year, four months, and twenty days, commencing on the tenth (10) day of April, 1907, and ending on the 31st day of August, 1908," and specified the rent to be $85 per month in advance. It was also provided that on failure to pay rent promptly when due, Saunders & Morris, agents, should have the right at their option to declare the lease void, "cancel the same, and take possession of the premises." It was also stipulated that Mrs. Purtell should repair at her own expense any damage to water-pipes caused by freezing or any neglect on her part, and to pay the water rent on said premises, and not to sublet the premises or any part thereof without the written consent of said Saunders & Morris, agents; and further that no "light housekeeping" should be done in the premises; also that she should deliver the possession of the premises at the expiration of the lease in as good order and repair as when first received, natural wear and tear excepted. Saunders and Morris, agents, stipulated that should the premises be destroyed or damaged by fire so as to be untenantable, the lease should cease from the date of the fire, but reserved the privilege of "carding" the house for rent or sale at any time within thirty days from the expiration of the lease. Other evidence was introduced, to the effect that S. B. Turman & Company became suc-

cessors to Saunders & Morris as real estate agents for the Winter estate in renting this property, and on the 1st day of September, 1908, being the day next following the date specified in the lease as the end of the term for which the property was rented, they caused Farris, one of their representatives, to demand of Mrs. Purtell possession of the property, which was refused, and he on the same date swore out the warrant to evict her as a tenant holding over. The owners of the property consisted of the six heirs of the deceased Mrs. Winter. They had authorized Saunders & Morris to execute the lease in question, but had never authorized them to change it or to lease the property to any one else. The owners themselves did not agree for Miss Purtell to be substituted as a tenant in lieu of her mother, nor authorize the real estate agents to do so for them. After possession had been demanded by Farris, as agent for the landlord, Mrs. Purtell and her daughter, who lived with her, continued to occupy the house until the end of October, making two months. After evidence to the above effect had been introduced, the defendant tendered in evidence the record of another dispossessory proceeding instituted March 20th, 1908, by the heirs of Mrs. Winter against Mrs. Purtell, based on the ground that the tenant had failed to pay rent, the counter-affidavit setting up certain expenses which Mrs. Purtell had incurred in order to keep the building in a tenantable condition, and in which proceeding a verdict was rendered in favor of Mrs. Purtell. On the date of the trial of the case at bar the defendant also offered the testimony of Miss Arian Purtell, her daughter, to the effect that after the dispossessory warrant proceeding was instituted in March the witness informed Saunders and Sparks (successors to Saunders and Morris) that her mother would not be humiliated in that way, and that they might take the house, but that if she and her mother remained in the house she should be the tenant and not the mother; and that after having so stated to them, she and not her mother paid the rent to the agents, who received it and recognized her as "our new tenant." The court, upon objection, excluded all of the evidence so tendered by the defendant, and other evidence of similar import offered by the defendant, and error was assigned upon these rulings. The contract upon its face appears to be between Mrs. Purtell of the one part and Saunders & Morris of the other, rather than between Mrs. Purtell and the owners of the

property; but such pleadings as were before the court seem to concede that it was a contract between Mrs. Purtell and owners of the property, and uncontradicted evidence was admitted, without objection, showing that it was made by authority of the owners of the property, and afterwards adopted by them. The fact that the owners of the property, through their agents, sought in March to evict Mrs. Purtell for non-payment of rent would be no defense to the present suit to evict her as a tenant holding over after her term had expired, the tenant having remained in possession and resisted the eviction for non-payment of rent by filing and sustaining her counter-affidavit. It would be otherwise if the proceeding were one to evict because of non-payment of the same rent. In that event the judgment in the former proceeding would have been res adjudicata. But not so in this proceeding to evict as a tenant holding over and beyond the term for which the property was rented. Therefore the judge committed no error in excluding from evidence the record of the former proceeding; nor was it error to exclude testimony of Miss Purtell as to the substitution of tenants in March and April next preceding October 31st, the time specified for the termination of the lease. It was not shown that she had authority from her mother to make the substitution; nor was it shown that the real estate agents had authority from the landlord to make the substitution. On the contrary, the evidence affirmatively showed that there was no such authority upon the part of the landlord.

3. Under the undisputed evidence Mrs. Purtell and her daughter continued to occupy the house for two months after the term had expired and possession had been demanded. The stipulated rent was $85 per month. The defendant offered evidence tending to show that the value for rent was not more than $50 per month, contending that the tenancy, if it existed at all, was a tenancy at will or a tenancy by sufferance; and that if double rent should be found against her under the statute, it should be based upon the value of the premises for rent, and not upon the amount stipulated in the contract. Civil Code, § 5389. The judge excluded this evidence, and directed a verdict in favor of the plaintiff for $340, being double the stipulated rent for two months. Error was assigned upon these rulings. As we have seen, the defendant entered possession lawfully under a contract for a specified time.

By the terms of the contract the tenant stipulated to surrender possession at the end of the term. Had there been no such stipulation, it would have been the duty of the tenant to surrender possession when demanded at the end of the term. 2 Taylor's Landlord & Tenant (9th ed.), § 524. Possession was demanded by the landlord as soon as it could be under the terms of the contract. There was no demand for further rent, or conduct upon the part of the landlord from which consent might be inferred that the tenant should continue longer in possession of the premises, and under no theory could it be said that the tenancy was a tenancy at will. There was no laches or negligence of any kind upon the part of the landlord in demanding possession, nor any circumstances from which an inference might be drawn that the landlord suffered the tenant to remain in possession. When a tenancy is one at will or one by sufferance, and how a tenancy by sufferance may be converted into a tenancy at will, is elaborately discussed in *Willis* v. *Harrell*, 118 *Ga.* 906 (45 S. E. 794). The tenancy in that case was held to be one by sufferance. The report of the case does not show the fact, but the original record discloses that the term of the tenant expired December 31st, 1892, and nothing was done towards evicting him, but he was suffered to remain in possession unmolested until proceedings were instituted in 1902. Thus laches upon the part of the landlord entered into the case. Under the reasoning of that case, the tenancy now under consideration was not one by sufferance. Somewhat similar to this case is Moore v. Smith, 56 N. J. Law, 446 (29 Atl. 159), where there was a delay of three months in making demand after the term had expired. In Moore v. Morrow, 28 Cal. 551, it was said: "A tenant under a lease for a term does not become a tenant by sufferance upon the expiration of his lease, and is only made such by the laches of the landlord in not re-entering or in not giving him notice to quit." In Alpine Township School District v. Batsche, 106 Mich. 330 (64 N. W. 196, 29 L. R. A. 576), it was said: "A teacher lawfully in possession of the schoolhouse, who holds over without right, becomes a tenant at sufferance if the owner permits him to remain a sufficient length of time to imply an intentional acquiesence in the occupancy, although his previous holding was not that of a tenant; and a consent to the occupancy, either express or presumed from lapse of time, is not essential to create that relation." On the general

subject see 1 Underhill on Landlord & Tenant, §§ 162-3-4; Ives *v.* Williams, 50 Mich. 100; 1 Tiffany on Landlord & Tenant, §§ 15 and 16; Jones on Landlord & Tenant, § 230. The character of tenancy being neither that of a tenant at will nor of a tenant by sufferance, there was no error in excluding evidence bearing upon the measure of damages applicable to cases of that character; and there being no issue as to the amount of stipulated rent, and the evidence being uncontradicted that the defendant remained in possession for two months immediately after the expiration of the term, and after demand for possession by the plaintiff, the judge did not err in directing the verdict.

4.  None of the assignments of error are sufficient to cause the judgment to be reversed. As the judgment on the main bill of exceptions is affirmed, the cross-bill is dismissed.

*Judgment affirmed.   All the Justices concur, except Hill, J., not presiding.*