### WILSON v. SAVANNAH BASEBALL ASSOCIATION.

1. Where under the provisions of the Civil Code, § 5385, proceedings were instituted by the making of an affidavit to evict a tenant holding over, and by counter-affidavit the defendant set up the defense that "the rent claimed is not due," and the evidence showed a lease by the plaintiff to the defendant, and that the defendant had not surrendered the premises to the lessor, but had given possession thereof to another person, which person was in possession of the land at the time of the institution of the proceedings to evict, evidence of payment of the

rent, after the expiration of the term of the lease to the defendant, to other parties, and not to the plaintiff, could not establish the defense set up in the counter-affidavit.

2. Evidence tending to show that the parties to whom the defendant had given possession of the rented premises had paid rent to another party, thus attorning to another instead of to the plaintiff, was not admissible under the pleadings in the case.

3. The court below did not err in ruling out the oral evidence of the contents of a paper which was accessible to the parties, and which, if relevant, could have been introduced in evidence.

DECEMBER 13, 1912.

Eviction. Before Judge Charlton. Chatham superior court. January 16, 1912,

*Stubbs & Chapman,* for plaintiff.

*O'Byrne, Hartridge & Wright,* for defendant.

BECK, J. The plaintiff in the court below instituted proceedings under the provisions of the Civil Code, § 5385, to evict the defendant as a tenant holding over. Under the provisions of § 5387 the defendant could by counter-affidavit have set up either of the following defenses, to wit: that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term; or that the rent claimed is not due; or that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise, from the person who made the affidavit on which the warrant issued, or from any one under whom he claims the premises, or from any one claiming the premises under him. In this case the defense set up was that "the rent claimed is not due." There was evidence to show that the defendant had rented the lands from the plaintiff (who was himself a sublessee under a lessee who had the right to sublet) for a period of time extending from the first of February, 1910, to the first of February, 1911. At the expiration of this period the defendant did not surrender the premises to the plaintiff, but turned the premises over to the Savannah Baseball Club, another corporation, and the defendant was permitted to show that the latter corporation had paid rent to the owners of the lands instead of to the plaintiff in this case. The defendant could not properly be let in to such a defense as this, under the counter-affidavit as filed. By that affidavit he was confined to evidence tending to establish the contention there made, that the rent was not due; that is, that it had not become due, or that it had been paid, or some similar defense. The evidence to which

we have referred (and to which there was timely objection) should have been excluded. In effect it tended to show that the persons whom the defendant put in possession of the lands had attorned to another than the landlord under a lease from whom the defendant had entered upon the land, without a surrender of the premises to the plaintiff in this case, who was, under the evidence, the landlord of the defendant. *Purtell* v. *Farris,* 137 *Ga.* 318 (73 S. E. 634). In brief, the evidence showed a lease from the plaintiff to the defendant, a holding over after the expiration of the term, a failure to surrender the premises to the landlord, a giving of possession of the premises to a stranger instead of to the party from whom the defendant had rented. Clearly the defendant was not entitled to have a verdict in its favor under this proof admitted under the defense that the rent was not due.

The court below did not err in ruling out the oral evidence of the contents of a paper which was accessible to the parties, and which, if relevant, could have been introduced in evidence.

*Judgment reversed. All the Justices concur.*