### 11133.  SALIOS *v.* SWIFT.

SMITH, J.  It is the duty of the judge in the trial of a case before a jury to instruct them clearly and fully as to all the material and substantial issues in the case, and then to instruct them in the same manner as to the law applicable to these issues.  In the instant case, while the judge, in his charge to the jury, did state the contentions of the parties, and did in stating those contentions quote section 5385 of the Civil Code (1910), he failed to instruct the jury as to what constituted a tenancy at sufferance and a tenancy at will.  The failure of the court to instruct the jury fully and clearly as to these contentions and the law applicable thereto was error; and therefore the judgment overruling the motion for a new trial must be

*Reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 18, 1920.  REHEARING DENIED APRIL 7, 1920.

Eviction; from Elbert superior court — Judge Hodges.  November 6, 1919.

Upon an affidavit of Swift under the Civil Code (1910), § 5385, a warrant was issued for the eviction of Salios from a certain storehouse as a tenant holding over and beyond his term. A counter-affidavit was filed in which the defendant contended that his term of rent had not expired, that no legal demand was made upon him before the issuance of the warrant, that no notice was given to him as required by law, and that he did not hold the premises from the plaintiff. On the trial. (as appears from the charge of the court) the plaintiff contended, that the defendant was a tenant at sufferance, and therefore it was not necessary to give him the two-months written notice required of a landlord to terminate a tenancy at will (Civil Code, § 3709), and further contended that the two-months notice was in fact given. The defendant contended that he was a tenant at will, and that two-months notice was not given. The trial having resulted in a verdict against the defendant, he made a motion for a new trial, on various grounds, one of which is indicated in the foregoing decision. In the judgment overruling the motion the trial judge, among other things, said: "Viewing the defendant as a tenant at will, it appears, from the undisputed testimony in the case, that the two-months notice contemplated by section 3709 of Park's Code was given the defendant. Where the statute uses the term 'month' and does not define it, the courts adjudge that lunar months are intended. Dudley, 107. A lunar month is 28 days. 38 Cyc. 311. The lunar month is composed of 28 days only. By the law of England a month means ordinarily in common contracts, as in leases, a lunar month; a contract, therefore, made for a lease of land for 12 months would mean a lease for 48 weeks only. Bouvier's Law Dictionary, Vol. 2, p. 187, citing 2 Bl. Com. 141. The testimony of the plaintiff, which is undisputed, shows that he became the owner of the property in question on July 2, 1919, and that he gave the defendant written notice that the store would not be for rent to defendant after August 31, 1919." In the motion for a rehearing in the Court of Appeals it was contended that Salios "was neither a tenant at will nor a tenant at sufferance, and there was no evidence to warrant a charge on either or both;" and the following cases were

7

cited: *Purtell* v. *Farris,* 137 *Ga.* 323; *Willis* v. *Harrell,* 118 *Ga.* 906; Moore v. Morrow, 28 Cal. 551.

*Grogan & Payne,* for plaintiff in error. *Z. B. Rogers,* contra.

ON MOTION FOR REHEARING.

SMITH, J. The affidavit of the plaintiff alleged that the defendant was holding over and beyond his term of rental. Thus the plaintiff evidently treated the defendant as a tenant at sufferance. On the trial of the case the plaintiff testified that the defendant had entered upon the premises on December 1, 1913, under a written lease for three years, with the privilege of extending it two years on giving ninety-days notice. He testified further that this ninety-days notice was not given, and that the defendant was allowed to remain in possession of the premises the other two years, which brought it to August 31, 1918. When this time expired nothing was said about a lease of the property, but the defendant was allowed to stay on, paying rent monthly. He further testified that on July 2, 1919, he gave the defendant notice that he could not occupy the property after August 31, 1919. This evidence tended to show that the plaintiff treated the defendant as a tenant at will, and undertook to give him the two-months notice required by law to be given a tenant at will. The defendant in his answer contended that his term of rental had not expired, and that he had not received the two-months notice required by law. He testified that the notice served on him was served on the 3d day of July, and the warrant was sworn out on the 1st day of September. This evidence was supported by other witnesses. So the question was whether the defendant was a tenant at will or a tenant at sufferance; and if a tenant at will, there was a sharp conflict as to whether he had received two-months notice to vacate. In the case of *English* v. *Ozburn,* 59 *Ga.* 393, it was held that under the law a month meant a calendar month, whether the month had 28 days, 30 days, or 31 days. In the case of *Weed* v. *Lindsay,* 88 *Ga.* 686 (15 S. E. 836, 20 L. R. A. 33), Chief Justice Bleckley held that a tenant at will was entitled to two-months notice before he was subject to eviction, and in his opinion he construed the two-months notice to be 60 days. See also *Hammond* v. *Clark,* 136 *Ga.* 313, 322 (71 S. E. 479, 38 L. R. A. (N. S.) 77). In the case under review, therefore, it was an issue as to whether the defendant

was a tenant at sufferance or a tenant at will, and it was also an issue, if he was a tenant at will, as to whether he had been given the two-months notice required by law before the warrant to dispossess him issued on September 1, 1919. The judge in the court below, in his opinion, incorporated in the record, evidently construed the tenancy to be one of a tenant at will, and held that 28 days constituted a month. We cannot agree with him in this holding; and as the above issues were in the case, it was error for him to fail to instruct the jury as to what constituted a tenant at sufferance and a tenant at will.

The Georgia decision cited by the trial judge, in support of the view that the term "months" in the statute is to be construed as meaning lunar months (*Dudley*, 107), was rendered before the adoption of the act of 1838 (Cobb's Dig. 536), which provided that "in all cases whatsoever, where time is required to be computed by the month or by months, the computation shall be by the calendar month and not by the lunar month." The Civil Code, § 5, in prescribing the meaning to be given to certain words "in all statutes, unless a different meaning is apparent from the context," declares that "Month means a calendar month;" citing the act of 1838, supra.

*Rehearing denied.  Jenkins, P. J., and Stephens, J., concur.*