## 11953.   ADAMS *v.* GEMES.

The sums paid to the defendant under the installment contract were recoverable by the plaintiff, under the evidence. The judge of the municipal court properly awarded judgment against the defendant, and the judge of the superior court did not err in overruling the certiorari.

DECIDED MAY 12, 1921.

Certiorari; from Fulton superior court — Judge Bell. October 14, 1920.

*R. R. Jackson, John F. Echols,* for plaintiff in error.

*Watkins, Russell & Asbill,* contra.

BLOODWORTH, J.   A tailor agreed to sell a customer a suit of clothes for $51.50, to be paid for in installments. It was agreed that when one half of the purchase-price was paid the suit would be delivered to the purchaser. When the purchaser had paid $25.75, one half of the purchase-price, he demanded that the suit be delivered to him. This the tailor refused to do, and the customer sued him in the municipal court of Atlanta for the money paid on the suit. The tailor defended, claiming that he had a written contract with the purchaser in which it was stipulated that " It is further agreed that if any misrepresentation of any character whatsoever, by either party to this contract, and especially as to the place of residence, . . . the obligations of the [tailor] ceases, and the forfeiture and options stipulated herein becomes of force and effect at the option of the said [tailor];" and that a misrepresentation was made by the plaintiff, in that the place of residence of the plaintiff was not at 144 Fraser street, Atlanta, Ga., as stated in the contract. The defendant contended that the representation as to the place of residence of the purchaser was material, and was known by plaintiff to be untrue at the time he made it, and that it was made for the purpose of deceiving the defendant and defrauding him out of a part of the purchase price of the goods bought. The defendant testified that " the reason that he did not deliver the suit of clothes to plaintiff when he had paid one half of the purchase-price of the same was because the plaintiff had misled him as to his residence; he first stated and had him write in the contract that he resided at 144 Fraser street, Atlanta, Ga., and that on investigation he had found that there was no such number; that plaintiff later told him he had moved to 441 Fraser street, and that on investigation he found that he did not live at 441 Fraser street." The purchaser

denied signing any written contract, swore that he did live at 441 Fraser street, and corroborated these statements by other evidence. The judge of the municipal court of Atlanta, trying the case without a jury, rendered a judgment in favor of the plaintiff for the amount sued for. The defendant carried the case by certiorari to the superior court, and the judge of the superior court overruled the certiorari, and an appeal was taken to this court.

The judge of the municipal court of Atlanta properly awarded judgment in favor of the plaintiff for the amount for which suit was brought, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*