### 13616. FALLAS *v.* RUSHIN.

</div>

STEPHENS, J. 1. Even though a petition for certiorari may contain full and complete assignments of error upon questions of law, the judge of the superior court is under no imperative duty to sanction the same. He may, upon considering the petition for certiorari when presented to him, pass upon the merits of the questions presented therein, and, by refusing to sanction the same, thereby adversely determine the questions presented in the petition.

2. This being a suit in a municipal court to recover upon a check given by the defendant to the plaintiff in payment of rent for certain premises under an alleged executory contract of rental, where the defendant had not taken possession of the premises, an exception in a petition for certiorari brought by the defendant, complaining of the refusal of the judge of the municipal court to give in charge the law relative to a failure of consideration, can not be considered, since it does not appear that such defense was insisted upon on the trial, or that the court was requested to give the law relative thereto in charge to the jury, but where it does appear from the entire record, including the charge of the court, that the sole issue presented for determination on the trial of the case was whether the plaintiff or the defendant had violated the rental contract and not that the consideration for which the check was given had failed.

3. Since the evidence made an issue of fact as to which party violated the lease contract, and since none of the assignments of error in the petition for certiorari contained any merit, the refusal of the judge of the superior court to sanction the petition was not error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 8, 1923.

Certiorari; from Bibb superior court — Judge M. D. Jones. April 10, 1922.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*Troy C. Davis, Ryals & Anderson,* contra.