*Clement E. Sutton,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

---

### 14828.　ADAMS TAILORING COMPANY *v.* THOMAS.

JENKINS, P. J.　1. A judgment of the judge of the superior court, refusing in the exercise of his discretion to sanction a certiorari, will not be reversed unless a verdict for the petitioner was demanded. *Atlantic Coast Line R. Co.* v. *Bennett,* ante, 626; *Little* v. *City of Jefferson,* 9 *Ga.*

*App.* 878 (1) (72 S. E. 436); *Rosenbusch* v. *Lester Book Co.,* 16 *Ga. App.* 539 (85 S. E. 675).

2. Conceding (but not deciding) that the purchaser's statement of his residence as in the rear of "116 Capitol Avenue in house No. 1," when he lived in the rear of "116 Capitol Avenue in house No. 3," was upon its face necessarily a material misrepresentation under the contract, such as would have authorized the seller to exercise the right to require the purchaser "to pay the whole amount" of the contract price "before demanding delivery to him of [the] clothing" which he had bought from the defendant, the jury were nevertheless authorized to find from the evidence that the seller, with knowledge of such misrepresentation, not only accepted from the purchaser the prepayment of $18.50 fixed by the contract as the amount of installment to be paid "on delivery of said clothing," but with such knowledge expressly informed the purchaser, "if he would pay the $18.50, that he could get his suit." Consequently, any right which the seller might have had under the contract to vary the original terms of payment and require the full consideration to be paid before delivery of the goods, by virtue of any such misrepresentation, was waived. A verdict for the plaintiff having been authorized, the superior court did not err in refusing to sanction the defendant's certiorari.

<em>Judgment affirmed. Stephens and Bell, JJ., concur.</em>

DECIDED MARCH 13, 1924.

Certiorari; from Fulton superior court—Judge Humphries. June 28, 1923.

Plaintiff in error, a tailoring company, excepts to the refusal of the judge of the superior court to sanction a certiorari by which it was sought to review a finding and judgment of the municipal court of Atlanta in favor of Thomas, who had brought suit against it for money paid in the purchase of a suit of clothes, under a written contract of conditional sale reserving title in the defendant company as vendor. The contract as offered in evidence provided that $7 should be paid before the plaintiff's measure was taken and the goods cut, and after completion of the clothing, "the sum of $18.50 on delivery of said clothing" to the plaintiff, "and the further sum of $2 each week thereafter until all of the said sum for which this contract is made shall have been paid." The total consideration was $51. The contract contained this provision: "that if any of the obligations agreed to in this contract shall not be performed by either party hereto, that this contract becomes voidable at the option of and in favor of the one who has complied with the terms of the same and against the party hereto who has not complied with the same." It was further provided that "the obligor agrees that if

any misrepresentations are made by him to obtain said clothing, he will pay the whole amount of this contract before demanding delivery to him of said clothing." The plaintiff's signed contract stated his place of residence as "R 116 Capitol Ave., house No. 1." The defendant contended that it was not liable, because the plaintiff had made a false representation as to his address, in that he did not live at the place stated in his contract, and therefore was bound, under the terms of the instrument, to "pay the whole amount of this contract before demanding delivery to him of said clothing." On the trial the defendant admitted that it had received from the plaintiff $25.50 under the terms of the contract. The plaintiff testified, without contradiction, that he resided in the rear of 116 Capitol Avenue in house No. 3. The defendant testified that upon investigation it found that the plaintiff did not live in the rear of 116 Capitol Avenue in house No. 1 as stated in his contract. Under the plaintiff's uncontradicted testimony, however, "on the date of his last payment, to wit, $18.50," the defendant's "agent with whom he traded for the clothing . . told him that if he would pay the $18.50, he could get his suit, and after the payment of the said $18.50 to [the] agent, [defendant] told him that an investigation had showed that he made a misrepresentation in his written contract, that he said he lived at the rear of 116 Capitol Avenue, in house No. 1, and that he did not live there," and the defendant refused to deliver the clothes except upon payment of the entire purchase price.

*Jackson & Echols, C. E. Moore,* for plaintiff in error, cited: 27 *Ga. App.* 66; 122 *Ga.* 312; 23 *Ga. App.* 304; 5 *Ga. App.* 420; 10 *Ga. App.* 676.

*Tillou Von Nunes, John W. Brewer,* contra, cited: 27 *Ga. App.* 66; 16 *Ga. App.* 539; 9 *Ga. App.* 878.