*Berry T. Moseley,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

---

### 17009.   FARMERS & MERCHANTS BANK *v.* WILLIE, executrix.

BROYLES, C. J.   1. A bill of exceptions which, after reciting that a petition for certiorari was presented to the judge and he refused to sanction it, alleges that the applicant excepted to the order of the judge refusing to sanction the petition, "and now excepts and assigns the same as error on the grounds that said petition for certiorari should have been sanctioned on each and every ground of error contained in said petition for certiorari," contains an assignment of error sufficient to bring under investigation the grounds of complaint embraced in the petition for certiorari.   *Central of Ga. Ry. Co.* v. *Woolsey,* 112 *Ga.* 365 (1) (37 S. E. 392).

2. Where a bill of exceptions based upon the refusal of the judge to sanction a petition for certiorari embodies what is there alleged in substance to be an exact copy of that petition, and where the judge certifies that the bill of exceptions is true, the petition for certiorari is sufficiently verified.   *Lake* v. *Kellum,* 99 *Ga.* 130 (24 S. E. 874).

3. Under the above-stated rulings, the motion to dismiss the bill of exceptions is denied.

4. This case was tried in the city court of Cairo and proceeded to verdict and judgment in favor of the defendant; the plaintiff's motion for a new trial was overruled, and the movant then presented to the judge of the superior court a petition for certiorari.   The judge refused to sanction the petition, on the ground that "motion for a new trial was presented

---

Certiorari, 11 C. J. p. 128, n. 2 New; p. 132, n. 40, 57; p. 148, n. 2 New; p. 153, n. 67; p. 178, n. 46 New; p. 198, n. 18.

before the judge of the city court of Cairo, and petition presents no cognizable error to this court." The right of certiorari is a constitutional right, and may be used to review any final judgment of an inferior court. It may be exercised without moving for a new trial, or it may be employed to review the judgment refusing to grant a new trial. *Young* v. *Broyles,* 16 *Ga. App.* 356 (1) (85 S. E. 366). The judge, therefore, erred in refusing to sanction the petition for certiorari. *Judgment reversed. Bloodworth, J., concurs. Luke, J., disqualified.*

DECIDED MARCH 3, 1926. REHEARING DENIED APRIL 14, 1926.

Petition for certiorari; from Grady superior court—Judge Custer. September 28, 1925.

*J. A. Pope, S. P. Cain,* for plaintiff in error.

*Ira Carlisle, M. C. Barwick,* contra.