20505. SHEPHERD, by next friend, *et al, v.* SWAIN.

BELL, J. 1. The writ of certiorari can not be used to bring into question the legal existence of the court to which it is directed. *Bass* v. *City of Milledgeville,* 122 *Ga.* 177 (50 S. E. 59). For this reason the petition for certiorari was without merit so far as it may have attacked the "judgment" upon the ground that it was not rendered by a court.

2. The commitment by the juvenile court having been made at a time when the child was of such an age that its custody might be determined by that court, the fact that the child has now arrived at an age at which the juvenile court could not entertain a proceeding relating to its custody is no reason why this court should reverse the order of the judge of the superior court refusing the petition for certiorari to review the commitment made. The question presented to the judge of the superior court was whether it appeared that the juvenile court had erred in making the commitment, and it is only this question that is presented by the bill of exceptions in this court. Ga. L. 1915, p. 35, § 2; Ga. L. 1916, p. 58; *Marietta Chair Co.* v. *Henderson,* 119 *Ga.* 65 (3) (45 S. E. 725); *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710).

3. An order of a judge of the superior court refusing to sanction a petition for certiorari will not be reversed upon the evidence, where there was any evidence to support the judgment excepted to in the petition. *Adams Tailoring Co.* v. *Thomas,* 31 *Ga. App.* 787 (122 S. E. 246); *White Provision Co.* v. *Brown,* 40 *Ga. App.* 674 (150 S. E. 857). In the instant case, a judgment for the petitioner not being demanded by the evidence, and no error of law having been committed, the judge of the superior court did not err, as a matter of law, in refusing to sanction the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED FEBRUARY 18, 1931.

*William B. Kent,* for plaintiffs in error.