31018. UNITED STATES FIDELITY & GUARANTY COMPANY *et al.* v. GARBER *et al.*

FELTON, J. 1. An assignment of error in the bill of exceptions, that the court erred in refusing to sanction the petitioner's application for certiorari because such refusal was contrary to law, is a valid assignment of error. *Glenn & Son* v. *Shearer*, 44 *Ga.* 16 (3); *Central of Georgia Railway Co.* v. *Woolsey*, 112 *Ga.* 365 (1) (37 S. E. 392); *Holliman* v. *Hawkinsville*, 109 *Ga.* 107 (34 S. E. 214); *Farmers & Merchants Bank* v. *Willie*, 35 *Ga. App.* 202 (133 S. E. 44). The motion to dismiss the writ of error is denied.

2. The mere holding over by a tenant beyond the term covered by the contract of tenancy does not constitute the tenant a tenant at will so as to entitle him to a two-months' notice to quit. *Purtell* v. *Farris*, 137 *Ga.* 318 (73 S. E. 634); *Stanley* v. *Stembridge*, 140 *Ga.* 750 (79 S. E. 842); Code, § 61-108.

3. The fact that the landlord, in an affidavit to obtain a dispossessory warrant, includes non-payment of rent due as a ground for his action, when no rent was due, in addition to the ground that the tenant is holding over beyond his term, March 15, 1945, does not estop the landlord from insisting on the second ground, and is not an admission that the tenant is a tenant at will, especially where the counter-affidavit alleges that the term did not expire till September 15, 1945.

4. Under the facts of this case it was not error for the judge, on the trial of the issues raised by counter-affidavit, to instruct the jury to arrive at the single rent due by ascertaining the rental value of

property "by the month." The rental for the period from March 16, 1945, to July 2, 1945, was involved, and there was no evidence that the rental value of the premises for any one month during that period was different from the value for any other month within the period.

5. It was not error for the judge of the superior court to refuse to sanction the petition for certiorari, which showed as a matter of law that the direction of a verdict in favor of the landlord on the issue as to whether the tenant was holding over was proper, and that the trial judge fairly and properly submitted to the jury the question as to the reasonable rental value of the premises, and which showed no reversible error otherwise in the trial of the case. *Rosenbusch* v. *Lester Book &c. Co.*, 16 *Ga. App.* 539 (85 S. E. 675); *Hicks* v. *Hazlehurst*, 14 *Ga. App.* 813 (82 S. E. 354); *Shepherd* v. *Swain*, 42 *Ga. App.* 741 (157 S. E. 339); *Fallas* v. *Rushin*, 29 *Ga. App.* 471 (115 S. E. 922).

6. The motion to assess damages for a frivolous appeal is denied.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED SEPTEMBER 29, 1945.

*Augustus M. Roan,* for plaintiff in error.
*Arnold S. Kaye, Joseph F. Haas,* contra.