COHEN & COMPANY *vs.* CANDLER.

The writing which evidences a conditional sale of personalty has to be recorded in the county where the vendee resides. Record in another county will not suffice. Levy of distress warrant for rent before the proper recording, will defeat the vendor's title, although the rent contract was made before the conditioned sale.

November 29, 1887.

Sales. Record. Distress Warrant. Title. Contracts. Before W. I. PIKE, Esq., judge *pro hac vice*. Hall Superior Court. August Adjourned Term, 1887.

A conditional sale of personalty was made by vendors (now claimants) to the vendee (the tenant) on April 19, 1886, evidenced by writing. The writing was recorded in Hall county, on April 21st, 1886, but neither of the parties resided in that county; both of them resided in Fulton county. It does not appear that the paper was ever recorded in Fulton county. The property was levied upon by distress warrant in August, 1886, in Hall county, as the property of the vendee, for rent accruing in that county, the rent contract having been made on or before April 1st, 1886. Claim was interposed by the vendors, and the jury found in their favor. New trial granted.

S. C. DUNLAP; G. H. PRIOR, for plaintiffs in error.

H. H. PERRY; M. L. SMITH, by brief, for defendant.

BLECKLEY, Chief Justice, (after stating the above facts.)

By section 1955(a) of the code, it is provided, that "whenever personal property is sold and delivered, with the condition affixed to the sale that the title thereto is to remain in the vendor of such property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as is now provided by existing laws for the execution and attestation of mortgages on personal property"; that "as between the parties themselves, the contract as made by them shall be valid, and may be enforced whether evidenced in writing or not. The existing statutes and laws of this State in relation to the registration and record of

mortgages on personal property, shall apply to and affect all conditional sales of personal property as defined in this section."

By section 1956, mortgages on personal property have to be recorded in the county where the mortgagor resided at the time of the execution, if a resident of this State.

By section 1957, mortgages not recorded within the time required, remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made, prior to to the actual record of the mortgage.

By section 1977, landlords shall have a special lien for rent, etc., and shall also have a general lien on the property of the debtor liable to levy and sale, and which general lien shall date from the time of the levy of the distress warrant to enforce the same.

Taking these statutory provisions all together, it results that a failure to record the conditional sale in the county in which the purchaser resides, is equivalent to a failure to record a mortgage in the county in which the mortgagor resides. And in either case, the levy by distress warrant upon the property before the actual record, would fix the lien of that warrant upon the property and make it superior to the claim of the mortgage in the one case, or of the vendor in the other. Here such a failure occurred; and while it was very proper to record the lien in the county to which it was expected to remove the property, that did not supply the failure to record it in the county in which the purchaser resided. The verdict of the jury, therefore, was contrary to the evidence, and the court did right to grant a new trial. Here the lien was fixed by the levy of the distress warrant, which was after the sale. In *Conder vs. Holleman*, 71 *Ga.* 93, the debt and the judgment were both older than the sale, and the levy was not made until after the instrument of sale was recorded.

Judgment affirmed.