## 11177.   KELLEY v. OVERLAND SALES COMPANY.

STEPHENS, J.   1. An instrument executed by the purchaser of personal property to the seller, wherein it is agreed that the title to the property is to remain in the seller until paid for, that the purchaser upon default of the payment of the notes when due is to be responsible for the delivery of the property to the seller, and that the purchaser is to hold and possess the property as a bailee for hire, is not a bill of sale by the purchaser to the seller, but is a conditional sale by the seller to the purchaser, the same being a contract of sale with a reservation of title by the seller for the purpose of securing the indebtedness.   Such instrument is not converted into a bill of sale from the purchaser to the seller by an additional provision that the purchaser bargains, sells, transfers, and conveys the property to the seller and warrants the title.   *Wynn v. Tyner,* 139 *Ga.* 765 (78 S. E. 185); *Berry* v. *Robinson,* 122 *Ga.* 575 (50 S. E. 378); Civil Code (1910), § 3318; *Bacon* v. *Hanesley,* 19 *Ga. App.* 69 (90 S. E. 1033); *Lankford* v. *Peterson,* 21 *Ga. App.* 1, 10, 11 (93 S. E. 499).

2. Such instrument, being neither a mortgage nor a bill of sale to secure debt, cannot be foreclosed by the summary statutory method provided in the Civil Code (1910), §§ 3293, 3298.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
DECIDED MAY 5, 1920.

Foreclosure of mortgage; from Marion superior court — Judge Howard.    October 27, 1919.

*W. D. Crawford,* for plaintiff in error.

*McCutchen & Bowden,* contra.