### 24911.   JETT *v.* GORDON.

DECIDED JANUARY 9, 1936.

W. L. *Nix,* for plaintiff in error.

*Pemberton & W. J. Cooley, Allon G. Liles,* contra.

JENKINS, P. J. 1. An instrument reciting that the promissory note embodied therein, for a specified amount payable in installments, is given "for the purchase-money" of described property, and that "the title to the above-described property is to remain in the [seller] until fully paid for," is a contract of conditional sale, retaining title in the seller until compliance by the purchaser with the conditions of the sale. The court did not err in so holding in effect, in a proceeding to foreclose the instrument "in the same manner as mortgages on personalty," as provided by the Code of 1933, § 67-1601. It is unnecessary further to deter-

mine whether or not the court erred in holding that the title or lien of the seller, as provided in the case of a chattel mortgage under the Code, § 67-103, would be "lost on all articles disposed of by the [purchaser] up to the time of foreclosure," but would attach "to the purchases made to supply their place," since the entry of levy made by the sheriff on the foreclosure execution does not appear in the record, and it is not shown what, if any, articles described in the retention-of-title contract had been sold, and what, if any, had been purchased to supply their place, before the foreclosure. But see *Hardin* v. *Rubin*, 169 *Ga.* 608 (3, *b*), 612 (151 S. E. 31); *Merchants & Mechanics Bank* v. *Beard*, 162 *Ga.* 446, 449 (134 S. E. 107); *Clarke* v. *McNatt*, 132 *Ga.* 610-620 (64 S. E. 795, 26 L. R. A. (N. S.) 585).

· 2. The description of the property in the contract, as "merchandise, fixtures, and groceries, located on Main St., in Buford, Ga., and known as the Buford Cash Market," was sufficient, especially where the sufficiency was questioned by the purchaser, and not by a third party.

3. An order of a judge of the superior court refusing to sanction a petition for certiorari will not be reversed upon the evidence, where there was any evidence to support the verdict and judgment excepted to in the petition. *Shepherd* v. *Swain*, 42 *Ga. App.* 741 (3) (157 S. E. 339); *Adams Tailoring Co.* v. *Thomas*, 31 *Ga. App.* 787 (122 S. E. 246); *White Provision Co.* v. *Brown*, 40 *Ga. App.* 674 (150 S. E. 857). It is contended that the verdict against the plaintiff in error was excessive and contrary to law, because it failed to credit him with certain stated payments on the note, shown by undisputed evidence. However, although the defendant testified that these payments, made by checks amounting to $298.75, did not appear in the $500 of credits shown on the note, the plaintiff testified that "all these checks and [a described] account would be the amount he paid me; I put it on the note, and he did not question my records." Moreover, adding the amounts of the checks introduced in evidence, the total of $425 is $75 less than the total credits given. The defendant's testimony showed payments totaling only $348.75; and although he stated that $298.75 of these were not on the note, an examination of the note, taken with the plaintiff's explanation of certain items, shows that many of the questioned items were duly credited. No

checks were introduced covering the dates of the payments credited. It is manifest that the practice of the plaintiff in crediting many of the monthly payments as of the first of the month when due by the note, rather than as of the date of actual payment where past due, accounts for the apparent discrepancy in dates and the difference in the testimony of the parties. However, under any view of the evidence, since it can not be said that a verdict as to these items was demanded in favor of the defendant, and since the verdict for the plaintiff was authorized on all the issues, the judge did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*