27984. LUCAS v. PORTER.

DECIDED MARCH 11, 1940.

*J. A. Wright, Henry A. Stewart,* for plaintiff in error.
*John K. Davis,* contra.

STEPHENS, P. J. George W. Porter filed suit against H. E. Lucas, to recover $1376.84 principal and $264.95 interest, which he alleges the defendant had borrowed from him. The plaintiff alleges that on December 9, 1930, he loaned to the defendant $1000, taking as security a mortgage note on a steam shovel, bearing interest from date at 8 per cent.; that on April 13, 1936, the defendant paid $151 thereon; that on October 12, 1938, the plaintiff foreclosed this note, the shovel was sold, and on December 12, 1938, the plaintiff credited the proceeds of the sale, $605, on the mortgage fi. fa., and there is now due $883.35 principal and $33.37 interest; that on January 1, 1931, the plaintiff loaned to the defendant $425, taking as security a mortgage note bearing interest from date at 8 per cent.; that the mortgaged property was sold and the proceeds applied on another mortgage note covering the same property, and there is now due on this note $425 principal and $228.29 interest; that on November 22, 1933, the plaintiff loaned to the defendant $1039, taking as security a mortgage note covering certain railroad irons and other described property; that on

October 12, 1938, this mortgage note was foreclosed, and from the proceeds of the sale, after paying the costs in that proceeding and the costs on two other mortgage fi. fas., $1400.20 was credited on this note on December 9, 1938; that there is now due thereon $68.49 principal and $3.33 interest; that these mortgage notes were foreclosed in the court in which this suit was filed, the mortgages being of record, and the plaintiff having filed with the clerk a copy of each of the mortgage notes with his affidavit of foreclosure, profert is made of the copies of the three mortgage notes, and the fi. fas., being recorded in the court, "and showing all the dispositions of the property, and the credits, are to be considered as a part of the record in this suit, and profert is hereby made of the fi. fas."

The plaintiff amended his petition by attaching copies of the three mortgage notes sued on. On the back of the copy of the $1000 note appears a credit of $151.20, made on April 13, 1936, and this entry also appears: "By check C. D. Stone, sheriff, from sale of steam shovel. Dec. 10-38," signed by the attorney for the plaintiff. On the back of the copy of the $1039 note appears this entry: "Received of C. D. Stone, sheriff, $1400.20 from sale of property described herein, after he had taken out all cost of executions and sale of this property and all costs and execution and of two other mortgages, executions and sale of one of them, which leaves a balance due on this date of $57.86. Dec. 10, 1938." This entry is not signed. The plaintiff sues for the balance of $68.49 principal and $3.33 interest on this note. The petition does not show the reason for the discrepancy between $68.49 as the balance of principal stated in the petition to be due on this note and $57.86, the balance stated by the above entry to be due on it, after deducting from the note the net receipts from the sale of the mortgaged property.

The defendant demurred generally and specially to the petition as amended, and to a judgment overruling these demurrers he excepted. The defendant answered and set up that he was not indebted to the plaintiff in any amount; that as to the $1000 note it appeared from the allegations of the petition that there was a payment of $151.20 thereon "on April 3rd, 1936," and that from the sale of the mortgaged property $605 was credited upon the note, and this would leave a balance due of $243.80 principal with in-

terest, instead of the $883.35 principal and $33.37 interest sued for; that as to the $423 note sued on, the defendant admits its execution and avers that the proceeds from the property sold thereunder should have been applied to the payment of the note secured by the mortgage, and "for want of sufficient information as to the disposition of the proceeds of the" sale, he "can neither admit nor deny the amount of the indebtedness, if any, on said note;" that as to the note for $1039, the defendant admits its execution and avers "that the proceeds arising from the sale of said mortgaged property, if properly applied, was in an amount sufficient to cover defendant's indebtedness due on said mortgage note; and that the said mortgage note has been fully paid and satisfied, and this defendant does not owe the said mortgage note or any part thereof." As to the plaintiff's allegations that the proceedings to foreclose the notes were all in the court in which this suit was brought and copies of the notes were all attached to the affidavits foreclosing the mortgages, and making profert of the notes and of the mortgage fi. fas., the defendant avers that "for want of sufficient information he can neither admit nor deny" these allegations.

For further plea and answer the defendant alleges that on January 3, 1922, he transferred and assigned to the plaintiff a policy of life insurance with the Prudential Insurance Company of America, to secure an indebtedness due and payable to the plaintiff, such policy being paid up and requiring no further payments to be made thereon; that the face value thereof was $2000, and there was a loan thereon of $1150; that the dividends from the policy have kept all interest due on the loan fully paid; that this transfer and assignment provided that in the event of the defendant's death the remainder of the policy, after payment of the amount due to the plaintiff, was to be paid to the estate of the defendant; that it was understood and agreed by the defendant and the plaintiff that the defendant might at any time pay to the plaintiff the amount due him, and he would reassign such policy to the defendant; that in 1930 the defendant had paid to the plaintiff all amounts which, at the time of the transfer of the policy, were due to the plaintiff, except around $350, and in executing the new notes referred to in the petition, which were in 1930, 1931, and 1933, this sum was included in the new notes now sued on, and "is a part of the assignment and transfer" of the insurance policy on the defendant's life

and "was so held by the said George W. Porter," the plaintiff, as "payment and consideration" of the additional advances made by the plaintiff to the defendant; that the plaintiff now holds and retains this life-insurance policy and the assignment thereof, which is of the value of $850, and for which $850 the defendant is entitled to "a credit on the indebtedness sued, and as a payment on the indebtedness sued," and which $850 when properly applied will leave an indebtedness and sum due the defendant as overpayment on the notes held by the plaintiff against the defendant. The defendant prayed for judgment against the plaintiff for whatever amounts he might show were due because of overpayments to the plaintiff on the notes.

The plaintiff demurred to the answer, on the ground that, the defendant having admitted the execution of the notes, no legal defense was set out, in that the answer did not set out any actual payment, or claim any credit to which the defendant was actually entitled, which had not been fully allowed and accounted for and credited on the notes, and therefore that the entire answer should be stricken. The plaintiff also demurred to the answer on various special grounds. The judge sustained the plaintiff's demurrers, and struck the answer. Judgment in favor of the plaintiff and against the defendant, for $1376.84 principal and $264.95 interest, was entered. The defendant excepted, assigning error on the rulings just stated, and on the rendition of the judgment.

■ The petition as amended set out a cause of action. The plaintiff sues for the principal sum and interest, and alleges that such sum is due as a balance on three mortgage notes, after crediting the net proceeds of the sale of the property by foreclosure. Attached to the petition are the mortgage notes with all alleged credits appearing thereon, except the credit of $605 on the $1000 note, alleged to have been realized from the sale of the mortgaged property, the steam shovel. The amount of this credit does not appear on the copy of the note attached to the petition, although it appears that a credit, without stating the amount, was made on the date alleged. The plaintiff alleges, however, that this credit amounted to $605. The plaintiff was entitled to recover whatever balance was due to him on these notes, with interest thereon. The judge did not err in overruling the general demurrer to the petition as amended.

The special demurrer was directed to paragraph 3 of the petition, wherein the plaintiff alleged that "on January 1, 1931, petitioner loaned said Lucas $425, and took his mortgage note therefor, bearing interest from date at 8%;" that "the property described in said note was sold, and the proceeds thereof applied on another mortgage note on the same property; and that there is now due on said mortgage note $425 principal and $228.25 interest." The defendant demurred "because said paragraph 3 of the petition shows that the note referred to therein was secured by a mortgage on certain personal property, and the same was sold under the mortgage foreclosure for the purpose of being applied to the said debt for which it was security; and said paragraph fails to set out or show any credit or disposition of the funds arising therefrom, or the amount of the sale, which should be applied to the said mortgage note." The petition does not show the amount of the proceeds of the sale of the property securing this note, referred to therein, and does not show what note these proceeds were applied to, except that such proceeds were applied "on another mortgage note on the same property." The petition does not show whether this was a mortgage note made by the defendant to the plaintiff, or one made by the defendant to some other person, or whether the property was sold under proceedings to foreclose this note or the note sued on, and does not show whether the note on which the proceeds were applied was senior to the note sued on, or whether there was an agreement between the plaintiff and the defendant that these proceeds should be applied to the other mortgage note on the property. We think the plaintiff should have more fully alleged the particulars of the matters referred to in this paragraph, as pointed out above, and that the special demurrer thereto should have been sustained.

In paragraph 4 of the petition the plaintiff declared on the $1039 mortgage note, and alleged that it had been foreclosed and the property described in the mortgage note sold for $1475, "$74.80 of which was applied to pay the cost on this mortgage fi. fa. and two other fi. fas., and the balance of $1400.20 was credited on the mortgage note and fi. fa., December 9, 1938." The defendant specially demurred to this paragraph, because it failed to show "how much was applied to the cost of said mortgage foreclosure." The defendant was entitled to know how much of this sum was

applied as cost of this mortgage fi. fa., and to what other two fi. fas. the remainder of such sum was applied to pay the costs thereof, in order to determine whether or not any of the proceeds of the sale of the property under this mortgage could have been properly applied to the costs on other fi. fas., and whether such other fi. fas. were against him and in favor of the plaintiff, and on what mortgage notes other indebtedness was predicated, and also how much of this $74.80 was applied thereto. The defendant was entitled to the information sought by this special demurrer, and to know what other two fi. fas. the plaintiff was referring to in this paragraph. This ground of special demurrer should have been sustained.

■ An answer, like a petition, is not subject to be stricken on general demurrer if any part thereof sets forth an issuable defense, in whole or in part, to the cause of action alleged in the petition. Taking the allegations of the answer as true, it appears that as to the mortgage note for $425, referred to in paragraph 3 of the petition, the property therein mortgaged was sold and the proceeds "should have been applied to the payment of these notes, . . and for want of sufficient information as to the disposition of the proceeds of same defendant can neither admit nor deny the amount of the indebtedness, if any, on said note." It is alleged in the petition that the property covered by this mortgage note was sold "and the proceeds thereof applied on another mortgage note on the same property," and that the entire principal amount of this note, together with interest from date, was due to the plaintiff. It does not appear from the petition whether the note to which the proceeds of this sale were applied in satisfaction was junior or senior to the note declared on in this paragraph, nor does it appear what the amount of these proceeds was, nor was it stated what was the principal amount of the note on which these proceeds were alleged to have been applied. Furthermore, it does not appear when this other note was made or how much interest it bore; nor is it described in any other way except as "another note covering the same property." The defendant alleges that the proceeds of this sale would have been applied toward the payment of the note so declared on, and that for want of sufficient information he can neither admit nor deny the disposition made of these proceeds or the amount of the indebtedness, if any, properly due on the note declared on; and therefore it would seem that the de-

fendant, for want of sufficient information, does not know the amount of the proceeds derived from the sale of the property mortgaged to secure the note declared on in this paragraph of the petition. Therefore this paragraph of the answer sets up at least a partial defense to the plaintiff's claim; and if the plaintiff wrongfully, without any authority in law or otherwise, applied the proceeds from the sale of the property taken as security for this note to the payment of another note on the same property, it may be that the defendant does not owe the plaintiff the full amount of the note declared on in this paragraph.

In answer to paragraph 4 of the petition, in which the plaintiff declared on the note for $1039, and alleged that it was foreclosed on October 12, 1938, that the property therein mortgaged was sold for $1475, that $74.80 of this sum was applied to pay the cost of that foreclosure and of "two other fi. fas.," and that the balance of $1400.20 was credited on the mortgage note and fi. fa. declared on, the defendant set up that he did not owe the sum sued for, because "the proceeds arising from the sale of said mortgaged property if properly applied, was in an amount sufficient to cover defendant's indebtedness due on said mortgage note." If the $74.80 referred to in the petition as applied to the cost of the mortgage fi. fa. issued on the note sued on, and two other fi. fas., was improperly applied to pay the costs of the other two fi. fas., this would lessen, if not take care of, the amount which the plaintiff is entitled to recover from the defendant on this item. As the plaintiff does not allege the amount of the cost paid on the fi. fa. issued on the note sued on, it is impossible to ascertain what part of these proceeds from the sale was applied, properly or improperly, to pay the cost of the other two fi. fas., and the amount of the balance thereof due by the defendant, if any, on the principal and interest on the note declared on. Furthermore, it appears from the copy of the note attached to the petition as an exhibit, that, instead of there being $68.49 due as the balance on the principal sum of this note after payment of the proceeds of the sale, less the cost paid on the three fi. fas. referred to, there was a balance of $57.86 due, after applying the $1400.20 as a credit on the principal and interest of this note. If there is $57.86 due, and the cost of these other two fi. fas. was not improperly paid, the defendant would not be due to the plaintiff $68.49 principal and $3.33 interest, as

sued for in this paragraph, but $57.86 principal and lawful interest on that sum.

■ The defendant alleges in his answer, that in 1922 he transferred and assigned to the plaintiff, to secure indebtedness due to the plaintiff, a policy of paid-up life insurance of the face value of $2000, with a loan against it of $1150; that the assignment and transfer provided that in the event of the death of the defendant the remainder of the policy, after paying the amount due to the plaintiff, should be paid to the estate of the defendant, but that it was agreed that the defendant could at any time pay the indebtedness and the plaintiff would reassign and retransfer the policy to the defendant; that in 1930 he paid the plaintiff all amounts owed him at the time of the transfer of the policy, except about $350; that in executing the notes sued on, the first one of which was executed in 1930, the amount due to the plaintiff was included in these notes, and "is a part of the assignment and transfer of the aforesaid policy of life insurance on the life of this defendant, and was so held by the said George W. Porter as payment and consideration of the additional advances made by" the plaintiff to the defendant; that the plaintiff "now holds and retains the above referred to policy of life insurance . . under the said assignment and transfer, which is of the value of . . $850," and which sum the defendant. is entitled to "as a credit on and as a payment on" the indebtedness sued on; and that this will be an overpayment and leave an indebtedness in some sum not alleged to be due by the plaintiff to the defendant. The policy as originally transferred was clearly transferred as security for the payment of the indebtedness due to the plaintiff, and only the defendant's beneficial interest therein, payable at his death, was transferred. The cash value of the policy was not transferred. It does not appear that when the notes sued on were executed any new or additional assignment of the policy was made. It is alleged that in executing the notes sued on the indebtedness which the defendant at the time owed the plaintiff was included in the new notes, and that this was "a part of the assignment and transfer of the aforesaid policy." This referred to the original transfer of the policy, which was of the defendant's beneficial interest only. The allegation in the plea that $850 should be applied to and. credited on the indebtedness due by the defendant to the plaintiff has refer-

74

ence, not to a cash value of the policy, but to the beneficial interest payable to the defendant at death, less the amount of the loan on the policy. This plea does not set up payment. This portion of the plea was properly stricken on demurrer.

█ Certain paragraphs of the answer were subject to special demurrer as indefinite and not specifying dates, figures, etc.; but such special demurrers should have been sustained with leave to amend. Also, certain portions of the answer seem to be evasive. Therefore in some respects the answer was subject to such criticisms raised by the special demurrer, and the defendant should so amend the answer as to meet these grounds of special demurrer. Furthermore, a copy of the policy of insurance and the assignment thereof referred to in the answer should have been attached, or the defendant's inability to attach it should have been alleged and the reasons therefor set out. However, the proper judgment on a special demurrer to the answer is not one dismissing the answer without giving the defendant an opportunity to amend.

The court having improperly struck the answer, it was error to enter judgment against the defendant.

*Judgment reversed. Felton, J., concurs.*
SUTTON, J., concurs in the judgment.