28143. A. O. BLACKMAR COMPANY *v.* WRIGHT COMPANY.

DECIDED JULY 16, 1940.

*J. E. Chapman Jr., Love & Fort,* for plaintiff.

*McGee & Elliott, Chalmers, Jackson & Garner,* for defendant.

MACINTYRE, J. On March 1, 1939, A. O. Blackmar Company caused to be issued from the municipal court of Columbus a distress warrant for rent against J. W. Scott and H. W. Brown, doing business as Metropolitan Café. On the same date the distress warrant affidavit was amended by increasing the amount distrained for, and thereby making said distress warrant returnable to Muscogee superior court, and by striking the name of J. W. Scott as a defendant. On March 1, 1939, the distress warrant was levied on various articles of personalty as property of the defendant in the warrant. On March 17, 1939, Wright Company filed a claim to

some of the articles levied on, which it had sold to the defendant in the distress warrant under an alleged conditional-sale contract dated January 18, 1939 (filed for record January 19, and recorded January 23, 1939), for $798.67, of which $100 was paid in cash, the balance payable in twelve monthly notes of $58.22 each. On August 17, 1939, the claim case was tried without a jury, on an agreed statement of facts. The court rendered judgment in favor of the claimant. The plaintiff in the distress warrant excepted.

■ The plaintiff contends that the instrument in question (the contract between the claimant and the defendant in the distress warrant) would neither place nor retain title to the property previously delivered to the claimant, as against the plaintiff's judgment lien under the distress warrant; that the claimant, not having pleaded or claimed that the instrument was incorrectly worded through fraud, accident, or mistake, and having contended the contract is a valid written instrument, "will not be allowed to vary its plain terms by parol evidence, and show that an order for additional goods to be shipped was in fact a bill of sale to secure debt, covering articles delivered over a range of months in the past." The claimant contends that the instrument in question is a valid conditional-sale contract, and does not contend that it is a bill of sale to secure a debt for articles delivered in the past. For a distinction between such instruments see *Jackson* v. *Parks,* 49 *Ga. App.* 29, 32 (174 S. E. 203). The reservation of title by the seller (claimant) of personal property is not valid as against third persons (plaintiff), unless the contract of sale is in writing, and is also *executed,* attested, and recorded in the manner prescribed by law for the execution, attestation, and registration of mortgages on personal property, except that it must be recorded within thirty days from its date. *Merchants & Mechanics Bank* v. *Cottrell,* 96 *Ga.* 168 (2) (23 S. E. 127); *Cohen* v. *Candler,* 79 *Ga.* 427 (7 S. E. 160); Code, §§ 67-1401 et seq. There being no particular form necessary to constitute a mortgage on personal property (§ 67-102), the same rule is applicable to a conditional sale thereof; and if personal property is delivered on a contract of sale embracing a stipulation that title is to abide in the seller until the purchase-price is paid, title does not pass presently, and such a transaction is a conditional sale. *Jowers* v. *Blandy,* 58 *Ga.* 380. Mortgages on personal property must be executed in the presence of,

and attested by, or proved before, a notary public or judge of any court in this State, or a clerk of the superior court, and recorded in the county where the mortgagor resided at the time of its execution, if a resident of this State.. *Rowe* v. *Spencer*, 140 *Ga.* 540, 543 (79 S. E. 144, 47 L. R. A. (N. S.) 561); Code, §§ 67-105, 67-108. The instrument in question adequately complied with the requirements of the above statutes. *Jett* v. *Gordon*, 52 *Ga. App.* 370 (183 S. E. 346).

Our Supreme Court has held that "a conditional-sale agreement, carrying constructive notice upon being properly recorded, must evidence within itself an agreement of purchase and sale, and there must at least be enough in the writing to furnish a key which will open the investigation to parol evidence." *National Cash Register Co.* v. *Lipka*, 176 *Ga.* 200 (2), 203 (167 S. E. 598). The instrument in question was, in part: "Please ship f. o. b. Atlanta or factory, to undersigned at . . Columbus, Georgia, . . subject to conditions hereinafter named, the following goods as listed: 2 Doz. W. 54-68, 9½" Platters, . . 2 Doz. W. 54-47 Teacups, . . 2 Doz. 1-36 Teaspoons, . . [listing bowls, saucers, etc., in like manner]. . . In consideration of the above, the undersigned agrees to pay the sum of —— dollars ($798.67) in lawful money of the United States, being price of goods, on the following terms: ($100) cash with this order, . . 11 notes $58.22, 1 note $58.25 monthly installments." The parties further agreed that "title to said goods shall remain in [the claimant], and shall not pass to the undersigned until the price thereof, or any judgment for all or part of same, is paid in full; and that until such payment said goods shall remain your [the claimant's] property." The instrument in question was adequately sufficient, in and of itself, to furnish a key to open the investigation to parol evidence. This instrument, together with the other evidence, authorized the finding that the property was sold under an agreement that the seller should retain title until the buyer had paid the purchase-money; that the property was delivered from time to time in installments over a period of approximately five months; and that a short time after the last installment was delivered the conditional-sale transaction was finally perfected or completed by executing a written conditional-sale contract, which was duly executed, attested, and recorded. Thus the plaintiff was put on notice of the previous

conditional sale which, having been duly executed, attested, and recorded, had priority over the plaintiff's subsequent judgment lien under the distress warrant. This contention of the plaintiff was not meritorious.

■ The plaintiff further contends that the description in the instrument is insufficient, for example, the first item, "2 Doz. W. 54-68, 9½" Platters," would describe any two dozen platters, and that "even the meager means of identification afforded by the stock numbers were not affixed upon the merchandise claimed by the defendant in error ·[claimant]." "It is well settled that the rule requiring that a mortgage or conditional bill of sale shall 'specify' the property on which it is to take effect does not require that the description shall serve to identify it without the aid of parol evidence, where the instrument indicates within itself some method by which the aid of extrinsic evidence in its aid can be limited. *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 330); *Beaty* v. *Sears,* 132 *Ga.* 516 (64 S. E. 321); *Hicks* v. *Walker Bros. Co.,* 31 *Ga.·App.* 395 (120 S. E. 694); *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49, 50, 51 (92 S. E. 389)." *Stevens Hardware Co.* v. *Bank of Byromville,* 34 *Ga. App.* 268 (2) (123 S. E. 154). And if the description is altogether too general, and there is nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of law is not met. *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879, 882 (48 S. E. 330). However, if there is enough in the writing evidencing the sale of, or the creation of a lien on, personal property to afford a key, which, aided by extrinsic evidence, will make certain that which is apparently uncertain, then the description is sufficient. *National Cash Register Co.* v. *Lipka,* supra. This court, in *Crews* v. *Roberson,* ante, 855, held that the following description in a petition in a trover action was sufficient: "about six hundred and fifty (650) sticks of flue-cured tobacco, same being in weight about eight hundred (800) pounds of cured tobacco, of the value of two hundred and forty ($240) dollars; said described tobacco being part of the same that was planted, grown, gathered, and cured by W. L. Crews as a share-cropper of I. J. Roberson on said I. J. Roberson's farm in Wayne County, Georgia, during the year 1939." The Supreme Court in the *A. S. Thomas Furniture Co.* case, supra,

held that "one bed . . this day purchased of the A. S. Thomas Furniture Company," was a sufficient description of personal property in a conditional-sale contract; for "this fact would serve to distinguish the property sold from other goods of the same sort bought from any one else by the vendee." The contract in question was dated January 18, 1939, properly attested, was accepted by the seller, and was recorded in the county where the vendee resided on January 19, 1939. Furthermore, the stock number of each piece of personal property which was the subject-matter of the sale is listed in the instrument. We are of the opinion that the description here singles out from the altogether general mass of platters, cups, saucers, plates, etc., and limits the range of parol evidence to the identity of those platters, cups, saucers, plates etc., having certain stock numbers, sold by Wright Company, of Atlanta, Georgia, on January 19, 1939, to the Metropolitan Café of Columbus, Georgia, through Harold W. Brown, for $798.67 and shipped f. o. b. Atlanta or factory. The description here affords a key, which, aided by extrinsic evidence, makes certain that which is apparently uncertain, and is sufficient. This contention is likewise not meritorious.

■ The general lien of landlords for rent on the property of the debtor ranks with other liens and with each other, according to date, the date being from the time of levying a distress warrant. Code, § 61-204. "Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office." § 67-2501. The properly executed and attested conditional-sale contract was recorded January 19, 1939, before the date of the distress warrant, March 1, 1939, and the conditional sale was superior to the distress warrant. The judge did not err in finding in favor of the claimant, the holder of the conditional-sale contract.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*