### 34157. TRUSSELL *v.* VANDIVER.

WORRILL, J. Mrs. Minnie McD. Vandiver instituted a trover suit against R. E. Trussell in the Civil Court of Fulton County, and alleged that the defendant is in possession of a certain automobile to which the plaintiff claims title, and that the defendant after demand refuses to deliver the automobile. The case came to trial without the intervention of a jury, and after hearing evidence the court rendered judgment for the plaintiff, she having elected to take a property judgment. The defendant's amended motion for a new trial was denied. To this judgment the defendant excepted. The evidence shows that the defendant, who is the plaintiff's son-in-law, wanted an automobile, and that the plaintiff purchased the automobile in question for cash and delivered possession of it to the defendant, who was to pay her in monthly payments, and that the defendant is now behind in his payments. It is contended by counsel for the defendant that a new trial

750

should be granted on the general grounds because the finding was contrary to law and without evidence to support it, since no retention-title contract was signed by the parties and the defendant was paying on open account. *Held:*

1. "Whenever personal property shall be sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. As between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." Code, § 67-1401. It is true that there *is no evidence of a written retention-title contract;* but since the litigation is between the parties and no third parties are involved, an oral contract is sufficient. The plaintiff testified: "Title was to repose in me until it [the automobile] should be paid for in full. This was an oral agreement." This evidence is sufficient to support the finding for the plaintiff.

2. It is not necessary to consider special grounds 1, 2, 3, 4, 5, and 6 of the amended motion for a new trial, since they are merely restatements of the general grounds.

3. Special ground 7, which was insisted upon but not argued, and which assigns error on the admission of certain testimony over objection, is without merit, since it was not contended that the testimony was in any way prejudicial or harmful. *Columbian Peanut Co.* v. *Pope,* 69 *Ga. App.* 26, 30 (24 S. E. 2d, 710).

4. Special grounds 8 and 9 are incomplete and present nothing for consideration by this court.

5. The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED SEPTEMBER 13, 1952.

*George Starr Peck,* contra.