39576.   HOPKINS v. WEST PUBLISHING COMPANY.

Decided September 5, 1962—Rehearing denied
September 24, 1962.

598

*Essley B. Burdine,* for plaintiff in error.

*Paul C. Myers,* contra.

BELL, Judge. ■ Plaintiff contends that this petition in both counts was pleaded in the short or "Jack Jones" form and, therefore, must be held to set out a cause of action. The form of such a petition is sufficient if it follows the form allowed by the statute and no additional averments are necessary to let in the proof essential to a recovery. *Henry Darling, Inc. v. Harvey-Given Co.,* 40 Ga. App. 771 (1) (151 SE 518). However, where additional averments are placed in the petition, it is to be tested by the usual rules for construction of a petition and is not protected under the statute from attack by a general or special demurrer. *Hurt & Quinn, Inc. v. Keen,* 89 Ga. App. 4 (78 SE2d 345). The present petition not only does not follow the short form, it also contains additional averments. This exposes the petition to the rule of the *Hurt* case and renders it subject to any meritorious general or special demurrers.

■ The defendant's contention that the petition did not state a cause of action is grounded upon earlier cases where the bail trover process was used by the vendor to repossess the property. These cases, of which *Glisson v. Heggie Bros.,* 105 Ga. 30 (31

SE 118), is representative, held that bail trover proceedings constituted a rescission of the contract as to the balance of the purchase money. We regard *Glisson* and similar cases as not being applicable to the situation where the vendor under a conditional-sale contract has resorted to the foreclosure process and sold the property and now seeks to recover a deficiency judgment. The contract between the parties clearly provides that the title to the property is retained in the seller "until paid." No particular form is necessary to constitute either a mortgage on personal property (*Code* § 67-102) or a conditional sale of personalty (*Code* § 67-1401). If personal property is delivered on a contract of sale containing the agreement that title is to remain in the seller until the purchase price is paid, the title does not pass at the delivery of the goods, and the transaction is a conditional sale. *A. O. Blackmar Co. v. Wright Co.*, 62 Ga. App. 861 (1), 862 (10 SE2d 117). Indeed a conditional-sale contract may be valid and enforced between the parties whether or not it is in writing. *Code* § 67-1401. Where the litigation is between the parties to a title-retention contract and no third party's rights are involved, an oral contract is sufficient. *Trussell v. Vandiver*, 86 Ga. App. 749 (1) (72 SE2d 319).

A person holding a mortgage, or a bill of sale to secure debt, or a conditional-sale contract may pursue any number of consistent remedies to enforce the payment of the debt until it is satisfied. Obtaining a judgment on the note and foreclosure of the security device are consistent remedies, and the utilization of one will not constitute either an election or abandonment of the other. *Pioneer Investment, Inc. v. Adrine*, 97 Ga. App. 520 (2), 523 (103 SE2d 686). It is a matter of common knowledge that foreclosure of a mortgage or some other process by which the security is sold is the usual process and a necessary antecedent step leading to a proceeding for a deficiency judgment. It would be absurd to hold that foreclosing and selling the property prevents the maintenance of an action for a deficiency judgment for the balance of the indebtedness remaining unpaid after crediting the proceeds of the foreclosure sale. There is no attack upon the validity of the foreclosure sale. The petition gives credit upon the balance due on the conditional-sale contract for

the proceeds resulting from the foreclosure and sale of the property conditionally sold.

The instrument sued upon was a conditional-sale contract which, under the statute, can be foreclosed in the same manner as a mortgage. (The case of *Kelley v. Overland Sales Co.*, 25 Ga. App. 277 (2), 103 SE 41, holding to the contrary, is no longer the law. The General Assembly changed the rule of *Kelley* by amending what is now *Code* § 67-1601 to allow the foreclosing of conditional-sale contracts in the same manner as mortgages on personal property. Ga. L. 1921, p. 114). The defendant expressly promised to pay the purchase price of the property conditionally sold. This created a personal debt. By utilizing the conditional-sale contract, both parties, in contemplation of law, agreed that the seller had the right to foreclose the conditional-sale contract and thus sell the property. The net proceeds realized from the sale are to be credited upon the debt. *Lucas v. Porter*, 62 Ga. App. 66, 69 (1) (8 SE2d 141). The foreclosure of the security device did not eliminate the defendant's personal obligation to pay the debt which she had contracted to pay. She remained liable for the difference between the contract price and the net proceeds realized from the foreclosure sale plus or minus any payments or charges properly applicable to the transaction. "The seller of personalty who reserved the title, could, after obtaining a judgment against the buyer for the price and collecting a portion of the same, nevertheless, without cancelling the judgment or paying or tendering back what had been received, maintain against the buyer an action of bail-trover for the purpose of collecting the balance of the purchase-money, with interest thereon." *Jones v. Snider*, 99 Ga. 276 (1), (25 SE 668); *Turner v. Kay Jewelry Co.*, 101 Ga. App. 173 (112 SE2d 783). If the seller can repossess the property after obtaining a judgment against the buyer for the purchase price, he can also first sell the property by the foreclosure action and then maintain an action for the balance of the purchase money. It is not at all essential that the conditional-sale contract contain an express provision authorizing a deficiency judgment for the reason that the personal obligation assumed is sufficient for the purpose.

The petition set out a cause of action.

The trial court properly overruled the general demurrers numbered 1-3 to the petition.

■ The defendant's fourth demurrer, which was the first of the special demurrers, attacked and moved to strike the charge of interest in a designated amount on several grounds, one of which was that there was no provision in the contract sued upon for the payment of interest at any certain rate. The contract merely provided for interest on overdue instalments. *Code* § 57-101 sets forth the rate of interest which will be chargeable where the interest rate is not named in the contract. Since this statute provides for the rate of interest payable where none is specified, special demurrer numbered 4 was without merit and was properly overruled.

■ Special demurrer numbered 5 attacked the charge for court costs in the foreclosure sale of $13.81 upon several grounds, one of which was that the petition contained no allegation on which the legal liability of the defendant for the court costs could be based. Under the allegations of the petition, it is clear that the property sold on the conditional-sale contract was sold under foreclosure proceedings. Where such is the case, the costs of the foreclosure proceeding are to be deducted and the *net proceeds* from the sale of the property by foreclosure are to be credited to the debtor. *Lucas v. Porter*, 62 Ga. App. 66, 69 (1), supra.

Special demurrer numbered 7 similarly attacked the charging of an item of sales tax on foreclosure.

A reading of the Georgia Retailers and Consumers Sales and Use Tax Act, as amended by Ga. L. 1960, p. 153, et seq., does not indicate that a judicial sale is exempt from the tax imposed by the act. Section 2 of the 1960 amendment levied and imposed the tax on the retail purchase or retail sale and other transactions not here germane, and makes the purchaser liable for the tax. Every person making *a sale* or sales of tangible personal property at retail is a retailer and a dealer as defined in the act. A retail sale is defined as sale to a consumer or to any other person for *any purpose other than for resale*. While there are eleven separate exclusions found in the act, there is

not listed among these exclusions a sale of property by fore-closure. Ga. L. 1951, pp. 360, 363; 1953, pp. 182-4, 192-5, 199, 301; 1960, pp. 153, 156, 157. While the case of *Novak v. Red-wine*, 89 Ga. App. 755 (81 SE2d 222), held that a casual and isolated sale made by one not engaged in the business of selling tangible personal property at retail was not subject to the sales and use tax, it appears the 1960 amendment changed the rule in the *Novak* case. This conclusion is derived from the language of Section 2(a): "Every person making a sale or sales of tangible personal property at retail . . . shall be a retailer and a dealer as defined in this act. . ." Ga. L. 1960, pp. 153, 154. At the time of the decision in the *Novak* case, the statute defined a retailer as every person *engaged in the business* of making sales at retail. Ga. L. 1951, pp. 360, 368. This definition has been changed so that now one making sales at retail is a retailer under the statute and does not have to be engaged in the business of making sales at retail. Ga. L. 1960, pp. 153, 157.

Since the amended Sales and Use Tax applies to every person making a sale or sales of tangible personal property at retail, we think that sales taxes paid in the course of foreclosure proceedings are properly deductible from the proceeds of the sale as are the court costs. Both of these items are to be charged against the proceeds in order to arrive at the amount of deficiency judgment for which the debtor is liable. Special demurrers 5 and 7 were properly overruled.

■ Special demurrer numbered 6 demurred to and moved to strike a charge of an item of attorney's fees for foreclosure in the sum of $35. The contract sued upon contained no provision for payment of attorney's fees, and we are unable to find any statute or judicial decision allowing the recovery of attorney's fees in this situation. Accordingly, we hold that the attorney's fees for foreclosure upon the conditional-sale contract, not provided for in the contract, are not recoverable in the action to obtain a deficiency judgment. Even where attorney's fees are provided for in the note or other evidence of indebtedness, certain formalities have to be carried out. The petition does not allege compliance with the statute. Cf. *Code* § 20-506, as amended.

Furthermore, the petition contains no allegations sufficient to bring the action within *Code* § 20-1404, under which attorney's fees may be awarded.

Special demurrer numbered 6 should have been sustained.

■ Special demurrer numbered 8 attacked Exhibit "B", which was denominated as a bill of particulars and attached as a part of Count II of plaintiff's petition, on several grounds, one of which was that the claimed subscription account is part of the original contract set out in Exhibit "A", attached to Count I of the petition, and is not a separate open account but is subject to the same terms and conditions as set out in Count I in Exhibit "A", and it is duplicitous and in conflict with Count I and Exhibit "A" of the plaintiff's petition.

At least this bill of particulars is not in conflict with Count I and Exhibit "A" of the plaintiff's petition. Exhibit "A" was the order for a set of books, which is set out on the first line of the so-called bill of particulars. The remaining items of the bill of particulars are allegedly other items ordered and charges accrued between the parties. Furthermore, it does not clearly appear from the petition that the claimed subscription account is part of the original contract set out in Exhibit "A". Thus at least two of the grounds of special demurrer numbered 8 are untenable. It is elementary that a special demurrer must be perfect in itself, and if any part of it is bad, the entire demurrer is bad.

The trial court properly overruled special demurrer numbered 8.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Hall, J., concur.*