### 46489. NEWSCOPTERS, INC. v. BLACKMON.

HALL, Presiding Judge. In a suit for refund of sales tax, taxpayer appeals from the judgment for the Commissioner.
The parties stipulate the following facts: The taxpayer was formerly in the business of operating helicopters on charter to transport people and goods. It owned two helicopters for use in this business. It was also a registered dealer under the Sales & Use Tax Act and made monthly

sales tax remittances on the compensation received for its charter services. During the latter part of 1968, it decided to liquidate the business and began negotiations to dispose of its assets. After the sale of the second helicopter (the subject of the disputed tax), the taxpayer had no remaining tangible assets. The taxpayer was never engaged in the business of buying and selling helicopters or any aircraft, and did not purchase the two it owned for the purpose of resale.

Taxpayer contends that the sale was what is known as a "casual sale"; that they are not included in the Sales & Use Tax Act as amended; and further, they are specifically exempt under Revenue Regulations.

The Commissioner contends that the 1960 amendments to the Act brought in casual sales which had been excluded previously by former case law interpretation of the definition of "retailer," and which subsequent case law has recognized as changed. He cites *Hopkins v. West Publishing Co.*, 106 Ga. App. 596 (127 SE2d 849).

We understand the main thrust of the 1960 amendment to be a change from what was essentially a license tax on a seller to a tax on the transaction itself, with a joint duty imposed on both parties—on the purchaser to pay the tax and on the seller to collect and remit it. However, the definition of "retailer" was also changed. Previously, one had to be engaged in the business of making sales at retail (former *Code Ann.* § 92-3403a (K)). This was interpreted to exclude a "casual" or isolated sale made by one not engaged in the retail business. Now, the statute gives us two separate statements on the subject. The general imposition of the tax section says: "every person making *a sale or sales* of tangible personal property at retail in this State shall be a retailer and a dealer as defined in this Chapter. . ." *Code Ann.* § 92-3402a (a). However, the definition section tells us that a retailer "means and includes every person making *sales* at retail, or for distribution, or use, or consumption . . ." *Code Ann.* § 92-3403a (K); and that a retail sale is one "for

any purpose other than for resale in the form of tangible personal property, or services taxable under this Chapter." *Code Ann.* § 92-3403a (C) (1).

There is an unfortunate ambiguity in these various sections. The first one quoted, if read alone, would make a retailer out of the person who makes one sale, e.g., of his lawnmower to his neighbor. This could not have been the intent of the legislature. Turning to the new definition, sales (in the plural) are required. We believe the reason for the change of definition was to escape the confines of the previous "shopkeeper" type of definition in order to tax those floating operators who might not be "engaged in the business" in a traditional way but are surely making retail sales for a livelihood, if only one or two big ones a year.

The *Hopkins* case might seem to say that the 1960 amendment brought in casual sales, but there the seller was regularly engaged in selling exactly the same type goods on which the tax was disputed, and the only real issue was the peculiar method of the sale (foreclosure). The language on casual sales and the 1960 amendment is therefore dictum to that case. No one has ever suggested that a sale of his usual goods by a retailer could be a casual sale.

The Act does not define or even mention "casual sales." The term comes from case law and Revenue Regulations. We believe the Act, as amended, still excludes these transactions, although the new wording narrows the field of those which fit the category.

The Commissioner has, by regulation, recognized a variety of situations in which a tax will not be demanded. 6 Rules and Regulations 560-12-1-.07. Casual Sale. The taxpayer contends that the sale of the helicopter falls squarely within subsection (2) (c) which states, in essence, that a sale of personal property acquired by the seller for use in his business, if made in a complete and bona fide liquidation of the business, is a casual sale and therefore exempt from sales tax. Up to this point, the

taxpayer is on firm ground. However, the regulation also requires that the sale of assets be completed within 30 days unless an extension is granted by the Commissioner. Here, more than 30 days elapsed between the two helicopter sales and the record shows that the Commissioner neither had notice nor granted approval of the sales.

Therefore, while the taxpayer could have avoided the imposition of the tax under the Act and Regulations, its failure to comply with the conditions now precludes recovery.

*Judgment affirmed. Eberhardt and Deen, JJ., concur. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 17, 1971—DECIDED NOVEMBER 17, 1971—REHEARING DENIED DECEMBER 2, 1971.

*Sell, Comer & Popper, Claude W. Hicks, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, Assistant Attorneys General,* for appellee.