In the Matter of **HATFIELD CONSTRUC-TION COMPANY,** Bankrupt.

**John A. BLACKMON,** as Revenue Commissioner of the State of Georgia, Appellant,

v.

**Richard M. NICHOLS,** Trustee, Appellee.

No. 73-3403.

United States Court of Appeals, Fifth Circuit.

May 28, 1974.

Gary B. Andrews, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Richard L. Chambers, Asst. Atty. Gen., Atlanta, Ga., for appellant.

Richard M. Nichols, Macon, Ga., for appellee.

Before ALDRICH, Senior Circuit Judge,* and BELL and GEE, Circuit Judges.

BELL, Circuit Judge:

This appeal arises out of a bankruptcy proceeding. The petition of the Commissioner of Revenue of the State of Georgia to reclaim funds collected by the trustee herein as sales tax was denied by the bankruptcy court. The district court, 361 F.Supp. 468, affirmed. We reverse.

The sales tax in question was derived from an auction sale in liquidation of the bankrupt's tangible personal property. The agent of the Commissioner of Revenue was present and insisted on sales tax being collected on each item as sold. The trustee permitted the agent to collect the tax on the condition that it be remitted to the trustee. The purchasers paid the sales tax in issue to the agent in the total of $1,015.71, which sum was handed over to the trustee. The funds were then placed in the account of the trustee where they remain.

Both the bankruptcy and the district courts acted on the assumption that the sales in question were subject to the Georgia Retailers' and Consumers' Sales and Use Tax Act, Ga.Laws 1951, p. 360, as amended by Ga.Laws 1960, pp. 153, 154. Ga.Code Ann. § 92–3402a. We required additional briefs on this ques-

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

tion and have concluded that the sales, on the appertaining facts, were subject to the Act and the regulations promulgated pursuant thereto. *See* Newscopters, Inc. v. Blackmon, 1971, 125 Ga.App. 130, 186 S.E.2d 759 (liquidation sale). *See also* Georgia Revenue Regulation No. 560–12–1–.07, ¶¶ 2(c), (3) and (4) (casual sales).[1]

The question presented is whether the state was entitled to the taxes collected. The bankruptcy judge held that the trustee functioned as an agent of the bankruptcy court and thus could not be subjected to the Georgia Act, for the reason that this would be an unconstitutional state interference with the federal bankruptcy process, and was in opposition to the congressional purpose reflected in 28 U.S.C.A. § 960.[2]

On review, the district court agreed that the Georgia Act was an impermissible burden on the bankruptcy process. The court was also of the view that 28 U.S.C.A. § 960, applied only to a trustee conducting the business of the bankrupt as distinguished from the liquidation of the bankrupt's estate. Therefore, the court reasoned, the statute, by not commanding the payment of the sales taxes in question, had the effect of precluding their collection.

We find no controlling authority on the question in issue, in either the Supreme Court or this court. We begin with the proposition that the liability for sales tax under the Georgia Act is imposed primarily on the purchaser with secondary liability on the seller to collect and remit the tax. *See Newscopters, Inc., supra*; Hawes v. Phillips, 1970, 122 Ga.App. 714, 178 S.E.2d 759; Under-

cofler v. Capital Automobile Company, 1965, 111 Ga.App. 709, 143 S.E.2d 206.

In this connection the well reasoned opinion of the Court of Appeals for the Second Circuit in the case of In re Leavy, 2 Cir., 1936, 85 F.2d 25, is persuasive. The court there held that a bankruptcy liquidation sale was subject to the New York City Sales Tax Act. The court pointed out that primary liability for the tax was imposed on the purchaser with secondary liability on the seller, the precise situation under the Georgia Act. The Second Circuit had the following to say in concluding that the sales tax was not an undue burden on the bankruptcy process:

> "The purchaser at the judicial sale was only required to pay the same tax he would have been bound to pay if he had purchased from anyone else. What the trustee is really complaining of is, not that a burden has been imposed upon the exercise of his functions, but of his inability to sell to a purchaser who would be exempt from a tax and because of such an exemption would pay a higher price to him than would ordinarily be paid for the goods sold. It seems unreasonable to treat the absence of an exemption from taxes as a burden upon the normal exercise of governmental function."

In *Leavy* the trustee had not actually collected the tax and the court ordered payment out of the assets of the estate. Here, as noted *supra,* an agent of the Commissioner was permitted to collect the tax but on condition that it be handed to the trustee.[3]

The decision of the Ninth Circuit in California State Board of Equalization

---

1. It is to be noted that sales in liquidation are exempt under these regulations under certain conditions. The trustee here did not comply with these conditions.

2. "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

3. The bankruptcy court did not decide just what would be done with the funds on hand, stating:

 "It need not be said here what the trustee should do with this money except to say since the Commissioner was not entitled to insist upon it in the first instance he is not entitled to insist upon it now."

v. Goggin, 9 Cir., 1957, 245 F.2d 44, is to the contrary. That court held that a state sales tax could not be imposed in any form upon a liquidation sale in bankruptcy. The fact that the tax was paid by the purchasers was not considered as relevant. Like the district court here, the court also saw 28 U.S.C.A. § 960, as expressing an intent on the part of Congress to limit the imposition of the state taxing process to those instances where a trustee is actually engaged in business, as distinguished from the liquidating function.

 We do not read this statute as precluding or limiting the state taxing process in the circumstances obtaining here. Indeed, it has been long settled that property in the hands of a trustee in bankruptcy is not thereby exempt from state and local taxes, absent a clear expression from Congress to the contrary. Swarts v. Hammer, 1904, 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060. Section 960 is not such a clear expression, at least where the tax on the liquidating function is imposed on the purchaser in liquidation. This was the view of the Second Circuit in *Leavy, supra,* and it is a view tangentially supported by Missouri v. Gleick, 8 Cir., 1943, 135 F.2d 134, where a liquidation trustee was held liable for Missouri unemployment tax. *See also* In re Mid America Co., S. D.Ill., 1939, 31 F.Supp. 601, 606; In re Loehr, E.D.Wis., 1950, 98 F.Supp. 402; Note, State Taxation of Bankruptcy Liquidation: Federalism Misconceived, 67 Yale L.J. 335 (1957); Wurzel, Taxation During Bankruptcy Liquidation, 55 Harv.L.Rev. 1141, 1166 (1942). *Contra*: 4A Collier on Bankruptcy, ¶ 70.97 [4]; Paskay, Handbook for Trustees and Receivers in Bankruptcy, § 14.005; Note, Bankruptcy Sale as a Judicial Sale Free from Taxation, 1 Journal of Public Law 504 (1952); Maclachlan, Bankruptcy 349 (1956). Collier recognizes an exception based on the *Leavy* case where the

trustee is merely a collecting agent of the sales tax. 4A Collier, p. 1145, n. 41.

It may be true that although, in its legal incidence, the sales tax is on the purchaser, it has an indirect economic effect upon the bankrupt estate in that the purchaser, assumedly, would have been willing to pay more had he not been obliged to satisfy the tax. Such an indirect economic detriment is not an impermissible burden even were the estate a government instrumentality. *Cf.* Graves v. New York ex rel. O'Keefe, 1939, 306 U.S. 466, 59 S.Ct. 595, 83 L. Ed. 927. Here, however, those ultimately affected are but creditors of the bankrupt. The only burden on the trustee is the collection and remission of the tax, which we could not consider consequential.

Reversed and rendered.