53829. CHILIVIS v. BRADLEY et al.

BELL, Chief Judge.

The appellees, a partnership doing business as Dixie Plywood, appealed an assessment of sales taxes by the Revenue Commissioner to the superior court. Their motion for summary judgment was granted and the Revenue Commissioner has appealed.

The material facts are not controverted. Appellees since 1948 have been an investment partnership owning and holding timberland, other real estate and securities. The appellees also own controlling stock in Bradley

Plywood Corp., which manufactures wood products. The latter's sales dropped off due to the recession and diversification was conceived as the solution. The corporation became cognizant of a new melamine process developed in Germany and decided it would be a proper step toward expansion. Bradley unsuccessfully sought financing and turned to appellees. The latter agreed to purchase and lease the machinery, the bulk of which was purchased in Germany, at cost plus installation and 9 per cent interest over a 10-year period. The lease was structured to assure amortization without loss of profit to appellees. Bradley Plywood formed a subsidiary corporation called Mela-Shield to lease the equipment on the above terms and operate the new venture. The lessee applied to the appellant for and was granted a certificate of exemption because the machinery was for use in a new industry. Mela-Shield developed into a business failure. Appellees then sold the machinery to an Ohio firm. No sales tax was paid or collected by either party on this sale. The appellant then assessed sales tax plus penalty and interest. The appellees were not engaged in the selling or leasing of machinery and the transaction which gives rise to this litigation was an isolated one. *Held:*

Case law and regulations promulgated by appellant exempt a "casual sale" from sales and use taxes. *Newscopters, Inc. v. Blackmon,* 125 Ga. App. 130 (186 SE2d 759). 6 Rules and Regulations 560-12-1-.07. The appellant's regulation defines a casual sale in several different ways, one of which is dispositive of the issue here. Subsection (2) (a) of the Regulation states: "(2) A 'casual sale transaction' is: (a) A sale in which the tangible personal property involved was not acquired or held by the seller for use in the operation of his business or for resale;. . ." While no contention is made that the machinery was not acquired or held by appellees for use in the operation of their business, the commissioner argues that the machinery was held by the appellees for "resale." This argument is based on the definition of a "sale" found in the Sales and Use Tax Act which definition includes the "lease or rental, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration. . . ." Code Ann. § 92-3403a B; and that

since appellees acquired the machinery for lease to Mela-Shield, this constituted a sale and the subsequent sale to the Ohio corporation demonstrates that the appellees acquired the property for resale and therefore the transaction was not a casual sale. While a lease is a sale under the statutory definition the facts show that the appellees engaged in an isolated transaction when they purchased and leased the property to Mela-Shield and only because of the latter's failure was the machinery resold. It cannot be said that this equipment was "held for resale" under these facts. Holding for resale must be construed to mean to cover those situations where the seller is engaged in the business of selling or leasing property on a continual and habitual basis. The conclusion is demanded that this transaction was only a casual sale and exempt from imposition of the sales tax under the commissioner's regulations. The grant of summary judgment was correct.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED MAY 2, 1977 — DECIDED JUNE 24, 1977 — REHEARING DENIED JULY 13, 1977 — ▮▮▮▮▮▮

*Arthur K. Bolton, Attorney General, Franklin N. Biggins, Assistant Attorney General,* for appellant.
*Laurie K. Abbott, Sutherland, Asbill & Brennan, N. Jerold Cohen, Michael T. Nations,* for appellees.